Argued June 5, affirmed as modified June 18, 1952

## RAW v. RAW
### 245 P. 2d 431

*Stephen M. King,* of Portland, argued the cause and filed a brief for appellant.

*M. E. Reynolds,* of Astoria, argued the cause and filed a brief for respondent.

· Before BRAND, Chief Justice, and HAY, LATOURETTE, WARNER and TOOZE, Justices.

TOOZE, J.

This is an appeal from an order modifying that

portion of a divorce decree relating to the custody of minor children.

On April 19, 1944, Irene E. Raw, as plaintiff, commenced suit for divorce in the circuit court for Clatsop county, against Vernon G. Raw, as defendant, upon the ground of cruel and inhuman treatment. Mary Ruth Raw, now 14 years of age, and Sarah Louise Raw, now 9 years of age, are the lawful issue of the marriage between plaintiff and defendant.

On July 20, 1944, a decree of divorce was entered in said court and suit in favor of plaintiff, which decree in part provided:

"It is further ORDERED, ADJUDGED AND DECREED that the said plaintiff, Irene E. Raw, be and she is hereby awarded the care, custody, control and education of Mary Ruth Raw and Sarah Louise Raw, the minor children of said parties until the further order of this Court, and that said defendant shall pay to the Clerk of this Court for the use and benefit of said plaintiff for the support of the minor children of said parties, the sum of $50.00 per week, for each and every week hereafter until the further order of this Court.

"And in respect to the custody of said minor children it is further ORDERED that said defendant may visit and be with the said children at all reasonable times, places and hours."

On August 13, 1951, defendant filed his motion, supported by affidavit, for a modification of said decree by awarding him the care, custody, and control of said minor children during the months of June, July, and August of each year. Plaintiff filed a counter-affidavit in opposition to the motion and affirmatively moved for an order increasing the allowances for the support of said minor children, to the sum of $250 per month for and on account of Mary

Ruth Raw, and to the sum of $150 per month for and on account of Sarah Louise Raw. Plaintiff's motion was supported by her affidavit.

A hearing was held on October 17, 1951, and oral testimony was offered by both parties. Based upon the testimony, the trial court allowed defendant's motion in part and denied the motion of plaintiff. Plaintiff appeals.

■ No good purpose will be served by reviewing the testimony in detail. The record discloses that defendant at all times faithfully discharged his financial duties to plaintiff. Furthermore, it conclusively appears from the record that, in addition to the payments of support money required by the decree, defendant voluntarily made very substantial contributions to and for his children. Among other things, he bought them a piano costing $1,600; purchased clothing; provided each child with a radio, and also with a record player, camera, and Parker pen. During 1950 he sent the older child $5 per week as an allowance, and the younger child, $1 per week. He also sent each child a monthly clothing allowance, $28 for the older, and $18 for the younger. He paid a number of doctor and dental bills for services rendered the children, and offered to pay all of such bills. Defendant's conduct exhibited a deep concern for the welfare and happiness of the children, and a real desire to cooperate with plaintiff in promoting their best interests. It is agreed that plaintiff has been and is a good mother to these girls, and has reared and trained them properly.

Shortly after the divorce in 1944, plaintiff moved to California, taking the children with her. She has since resided in California, her present residence being in North Hollywood. In 1946 plaintiff married one Grayson, an employe of American Vitamin Associa-

tion. Grayson has an income of approximately $500 per month. Defendant remarried in 1945. He resides in Seaside, where both plaintiff and defendant resided at the time of the divorce, and where defendant's principal place of business is located.

At the time of divorce considerable bitterness existed between the parties. To prevent their disputes from having any effect upon the children, defendant did not attempt to visit the children until some time after plaintiff had remarried, and then at her invitation, and because it might be done without any trouble arising between plaintiff and defendant that might affect the children. It is clear that defendant denied himself the pleasure of the society of his children out of a true regard for their welfare.

As a witness, defendant spoke highly of the care plaintiff has given the children and also expressed high regard for plaintiff's present husband. Upon each occasion defendant has visited his children in California, both Mr. and Mrs. Grayson have cooperated in every way possible to make his visit a pleasant one. Plaintiff admitted as a witness that defendant should be afforded every reasonable opportunity to become well acquainted with the children, believing that to be for their best interests, but she insisted that, until they were further advanced in age, his visitations should be confined to their California home and surroundings.

■ However, it is obvious that defendant cannot become well acquainted with his children through the infrequent visits he is able to make to southern California. Minor children are entitled to the love and companionship of both their parents, insofar as that is possible and consistent with their welfare. The difficulties between their parents, terminating in

divorce, should not deprive them of this any more than is absolutely necessary to their best interests. In reserving to defendant the right of reasonable visitation in the original decree, the trial court evidently had this in mind.

■ It is observed from the record that the able and experienced trial judge who passed upon the motions involved in this appeal also presided at the trial of the divorce suit. His findings and conclusions are entitled to great weight. He was of the opinion that the decree should be modified by awarding defendant the care, custody, and control of said minor children during the month of July, 1952, and during the months of June, July, and August of each year thereafter. He also was of the opinion that $50 per week for the support of the children was an ample allowance therefor.

Although somewhat reluctant to disturb the findings of the trial judge in this matter, nevertheless, we are of the opinion that it is unwise to disturb the legal custody of these children. We agree with the trial court that the decree should be modified, but upon the basis of reasonable visitation as provided in the original decree, and not on the basis of a change in legal custody. We also are of the opinion that a period of six weeks' visitation by the children in defendant's home each year will serve every reasonable purpose of defendant, and at the same time be for the best interests and welfare of the children.

It follows from the preceding that the decree of the trial court should be, and the same hereby is, modified by substituting the following:

"The motion of the plaintiff for an increase in allowances of support money be, and the same is, denied.

"It is further ordered, adjudged, and decreed that the plaintiff be, and she hereby is, awarded the care, custody, control, and education of Mary Ruth Raw and Sarah Louise Raw, the minor children of plaintiff and defendant, until further order of the court, and that said defendant shall pay to the clerk of the court for the use and benefit of plaintiff for the support of said minor children, the sum of $50 per week, for each and every week hereafter until further order of the court.

"It is further ordered, adjudged, and decreed that defendant may visit and be with said minor children at all reasonable times, places, and hours, and that for the period of time commencing July 15 and terminating August 31 of each year, defendant shall have the right to have said children visit with him in his own home and be under his care, said defendant to pay all expenses of transportation of said children from their home to his home and their return to their home; that this right to have said children visit with him in his own home is awarded defendant commencing July 15, 1952."

Inasmuch as the time is short within which to make this decree effective for the year 1952, we are of the opinion that the mandate in this case should go down immediately upon the filing of this opinion, and it is so ordered.

Except as herein modified, the decree is affirmed.

Neither party shall recover costs.