Submitted on briefs September 9, reversed September 10, 1953

# WILSON *v.* WILSON

260 P. 2d 952

*Morley* and *Thomas,* of Lebanon, for appellant.

No attorney of record for respondent.

TOOZE, J.

This is an appeal from an order denying defendant's motion for modification of a decree respecting the custody of a minor child.

On September 7, 1951, Louis Eugene Wilson, as plaintiff, commenced suit for divorce in the circuit court for Columbia county against Vivian Irene Wilson, as defendant, upon the ground of cruel and inhuman treatment. David Garrett Wilson, born April 4, 1948, is the lawful issue of the marriage between plaintiff and defendant.

Defendant appeared in the suit by filing an answer in which she denied the misconduct alleged against her. Prior to trial and decree, the parties entered into a written stipulation respecting alleged property rights and also concerning the custody of the minor child. In regard to the matter of custody, the stipulation provided as follows:

"WHEREAS, the parties have heretofore stipulated and agreed that the custody of said minor child would be determined by Gehard B. Haugen, and the said psychiatrist having interviewed the parties and the child on two different occasions, and having made his determination that the custody of the child would best go to first party [plaintiff]; now, therefore,

"IT IS AGREED AS FOLLOWS:

"* * * * * *

"(3) That the custody of David Garrett Wilson be awarded by the Court to the first party with the right of reasonable and seasonable visitation on the part of second party."

On September 14, 1951, a decree was entered in said suit in favor of plaintiff and provided in part:

"(5) That the custody of David Garrett Wilson be and the same is hereby awarded to plaintiff with the right of reasonable and seasonable visitation to defendant."

The complaint did not charge, nor was any finding made by the court, that the mother of the child, the defendant in said suit, was unfit to have the custody of her child nor that its best interests demanded that custody be awarded to plaintiff. In passing, we also note that the complaint contains no allegation which, even if true, would be sufficient to deprive the mother of the right to custody of her child. This court has repeatedly said that a child of tender years should be

awarded to the custody of the mother, notwithstanding the fact that she is the losing party, unless she is morally unfit. As to what constitutes such moral unfitness, we stated in *Goldson v. Goldson,* 192 Or 611, 621, 236 P2d 314, as follows:

> "The moral unfitness of a mother sufficient to deprive her of custody must be such as to have a direct bearing upon the welfare of her child. It is not for every act of indiscretion or immorality that she will be denied custody. The test is whether her conduct is so depraved, immoral, and wicked that to permit her child to remain in her custody would be injurious to its best interests. * * *"

■ From the record before us, it is manifest that the court simply adopted the agreement of the parties as to the custody of the child. In effect, the court accepted the determination of the psychiatrist without further inquiry or finding. What is or may be for the best interests and welfare of a minor child is a matter exclusively for judicial determination in each case where the question arises, and such conclusion should always be based upon competent evidence respecting all matters material to that issue. The court should never abdicate its functions. Before the custody of any child of tender years is taken from a mother, the evidence should clearly disclose, and the court should specifically find, unfitness on her part to have such custody and that the best interests and welfare of the child demand placing its custody elsewhere.

■ However, on this appeal we are not concerned with the original decree. We treat it as final and conclusive as to all matters determined up to the date thereof, inasmuch as no appeal was taken therefrom. A change in custody of the minor child can now be had only if there has been a change in conditions and circum-

stances following the entry of the decree that affects the welfare of this little boy. The child's best interests and welfare are of primary importance.

On November 17, 1951, defendant filed a motion, supported by her affidavit, for a modification of the decree respecting the custody of the child, asking that such custody be awarded to her. As of January 17, 1952, an order was entered by the court denying defendant's motion but at the same time modifying the decree by adding thereto the following provisions:

"(1) That the defendant be and she is hereby granted the right to see said child on two occasions each month, and to have said child with her during the daytime only, but shall return the child to the plaintiff by evening of each day during which she has the child.

"(2) That neither of the parties shall take said child without the State of Oregon without consent of the Court first had and obtained.

"(3) That defendant give to plaintiff at least 24 hours notice of her desire to have the child for visitation."

After the entry of said modification order, the plaintiff, without leave of the court, took said child to the state of California, thereby depriving defendant of the right of visitation. On or about June 16, 1952, defendant filed another motion, supported by her affidavit, for modification of the decree respecting the custody of the child, again asking that custody be awarded to her. While this motion was pending, the parties entered into a written stipulation (plaintiff executing the same in Riverside county, California, and defendant executing the same in Linn county, Oregon), the significant portion of which reads as follows:

"It is hereby stipulated and agreed as between the parties that the decree of divorce entered in the

above entitled matter on the 14th day of September, 1951, and modified by order of the above entitled Court under date of January 17, 1952, may be further modified by providing therein that the care, custody and control of David Garrett Wilson may be with the defendant for a period of six months, beginning July 15, 1952 and for a period of three consecutive months, annually thereafter, to-wit, commencing on the 15th day of June of each calendar year, beginning with June of 1953, and in no event shall period commence before or end after said child's annual summer vacation from school, and said care, custody and control of said child shall remain in the plaintiff at all other times.''

Under date of July 28, 1952, an order was entered by the court modifying the decree as provided in the foregoing stipulation. The order refers to the stipulation.

On February 6, 1953, the instant proceeding was instituted by defendant filing a motion, supported by affidavit, asking for a modification of the decree so as to vest custody of said minor child in her. A hearing was held before the court on March 16, 1953. No counteraffidavit was filed by plaintiff contesting in any way the allegations of defendant's affidavit upon which her motion was based, but plaintiff did testify orally at the trial.

No attempt was made by plaintiff to prove moral or other unfitness on the part of defendant to have the custody of her child, nor that she was not in a position to furnish said child with a good home, loving care and attention. Her own affidavit, which is uncontradicted, shows that she does have a good home in which to take her child and that she is able to give it the motherly care and attention every child deserves. She has remarried and there are no other children in her

home. Plaintiff also remarried, but that marriage was annulled by decree of a California court. Plaintiff made no effort to show that he could or would furnish the child with a home other than with the child's grandparents, nor even what kind of home that is. As a witness, his chief complaint was that defendant had not been fair with him respecting the custody of the child; and this complaint was based upon defendant's refusal to surrender custody to him in January 1953, when the six months' period provided in the modified decree expired. Her refusal was based upon the fear that plaintiff would again take the child outside the state, and she immediately commenced this proceeding.

The trial court denied defendant's motion to modify the decree but did modify it by decreeing as follows:

"(2) It is further ordered and decreed that said modified decree be further modified by providing, (a) that the custody of the minor child of the plaintiff and defendant, to-wit: David Garrett Wilson, be placed in the plaintiff, subject, however to the right of the defendant to have the said child visit with her during the months of June, July, and August of each year beginning with June 1, 1953, and further, that the defendant have reasonable rights to visit with said child, and have said child visit with her during the other nine months. * * *"

The trial judge made this change in the decree, as he explained, so that there would be no division of legal custody, in conformity to what we said in *Raw v. Raw*, 195 Or 373, 377, 245 P2d 431.

As was said in *Goldson v. Goldson*, supra, what constitutes a change in circumstances justifying a modification of a decree of divorce fixing the custody of minor children must be decided in each case as it arises, and there is no fixed standard that will apply

to all situations. As repeatedly stated, the primary consideration and determining factor in all cases is the welfare of the child.

■ Defendant's unchallenged affidavit, filed in support of her motion in this proceeding, states facts showing such a change in circumstances and conditions following the modification of decree made in July 1952 that directly affect the welfare of the child, as to warrant a change in its permanent custody. We do not feel it necessary to detail those facts but simply to state our conclusion.

The continual efforts made by defendant to obtain the custody of her little child, the modifications of decree that have been made in her favor, the total absence of any evidence showing her unfitness or any neglect of the child on her part, although the child has been in her actual custody continuously for a long period of time with plaintiff's consent and the approval of the court, demonstrate not only her fitness to have such custody but also that the child's best interests and welfare will be promoted by awarding such custody to her. There is no doubt about her love for her child nor her deep interest in its welfare.

■ In denying defendant's motion, it appears that the trial court was influenced by certain charges of misconduct on defendant's part, contained in an affidavit filed by plaintiff in January 1952 in opposition to defendant's first motion to modify the decree. Also, it is apparent that the trial judge relied to some extent upon some personal knowledge he had gained dehors the record, for during the course of the hearing he said: "* * * The complaint sets forth some very sketchy grounds for divorce. This court is aware however of the facts preceding the divorce which were not

stated in the complaint; namely: That this woman was living ilicitly [sic] with a minister of [naming the religous organization] in this town." No such evidence was offered, nor was any such claim made, upon the hearing of the instant proceeding. In *Laurance v. Laurance,* 198 Or 630, 258 P2d 784, 787, Mr. Justice ROSSMAN, in speaking for the court, pointed out the impropriety of a trial judge basing conclusions upon matters within his own personal knowledge and not of record in the case. What is said in that case is applicable to the situation now before the court.

Under the decisions by this court, defendant is clearly entitled to the custody of her son. *Laurance v. Laurance,* supra; *Pick v. Pick,* 197 Or 74, 251 P2d 472; *Goldson v. Goldson,* supra; *Pachkofsky v. Pachkofsky,* 192 Or 627, 236 P2d 320; *Kellogg v. Kellogg,* 187 Or 617, 213 P2d 172; *Jenkins v. Jenkins,* 184 Or 525, 198 P2d 985.

The decree of the court respecting the custody of David Garrett Wilson, minor child of plaintiff and defendant, shall be, and the same hereby is, modified by substituting therefor the following:

"It is ordered, adjudged and decreed that the defendant be, and she hereby is, awarded the care, custody, control and education of David Garrett Wilson, minor child of plaintiff and defendant, until further order of the court.

"It is further ordered, adjudged and decreed that plaintiff may visit and be with said minor child at all reasonable times, places and hours, and that for the period of time commencing June 15 and terminating August 15 of each year, plaintiff shall have the right to have such child visit him in his own home and be under his care, provided he has a suitable home to which he may take said child,

plaintiff to pay all expenses of transportation of said child from his home to that of defendant and return.''

The trial court shall hold a hearing for the purpose of determining the amount of money plaintiff should pay each month toward the support and maintenance of said minor child and enter a decree accordingly.

Inasmuch as the fall term of school is about to open and said child is ready to enter school, we are of the opinion that the mandate in this case should go down immediately upon the filing of this opinion, and it is so ordered.

Reversed. Defendant is entitled to costs.