[No. 32900. Department One. October 14, 1954.]

BERTHA MARIE REYNOLDS, *Appellant*, v. ROBERT L. REYNOLDS, *Respondent*.[1]

*Wayne Gladstone*, for appellant.

*Olson & Olson* by *Roger L. Olson*, for respondent.

GRADY, C. J.—The appellant has taken an appeal from a decree of divorce. Her assignments of error are directed to the custody of two minor children, the support money for them, and the division of property.

A review of the marital difficulties of the parties culminating in a decree awarding a divorce to both of them is not necessary for a discussion of the assignments of error.

[1]Reported in 275 P. (2d) 421.

The children, a boy and a girl, at or about the time of the entry of the decree, were of the ages of seven and five years, respectively. The court found both parents to be fit and proper persons to have custody of the children. The court awarded custody to appellant. Respondent was given the privilege of having the childen with him at certain prescribed times and of having their custody from June 15th to August 15th of each year. An assignment of error is directed to the latter part of the visitation provisions of the decree.

■ The appellant requested the court to award her exclusive custody of the children without visitation privileges on the part of respondent. The record shows that while the divorce action was pending, appellant required that the visits respondent made to his children be in the presence of the man she intended to marry. The court was of the opinion that, in view of the attitude of appellant and her desire to sever all ties between the children and their father, such an order should be made as would enable them to associate with their natural father and have the benefit of his affection, influence, and guidance. In this way, the welfare of the children will be served and respondent will have the opportunity to combat any efforts of hostile parties to alienate the affections of his children from him.

■ The appellant complains that no provision was made in the decree for visitation of the children by her while they are with respondent. The absence of such a provision does not mean that the decree is to be construed as depriving appellant of visitation privileges consistent with his custody. If respondent prevents reasonable visitation, appellant has a remedy. *Martin v. Martin*, 27 Wn. (2d) 308, 178 P. (2d) 284.

■ The decree provided that respondent contribute one hundred thirty dollars per month for the support and maintenance of the children, to be reduced to seventy dollars per month upon remarriage by appellant. A reading of the memorandum decision of the trial court makes it clear that

the reasonable needs of the children were fully considered and an award made suitable to their standard of living.

■ The court found that the parties had acquired separate and community property consisting of a 1951 Studebaker automobile, a life insurance policy upon the life of respondent, tools, personal clothing, household goods, and effects. Respondent was given the automobile, the insurance policy, one radio, and the tools, and appellant was given the other property. We find nothing in the record from which we can conclude that the court did not comply with RCW 26.08.110 in making a just and equitable division of the property.

The judgment is affirmed. Neither party will recover costs in this court.

MALLERY, HAMLEY, and WEAVER, JJ., concur.

OLSON, J. (dissenting in part and concurring in part)— When one parent desires to alienate the affections of children from their other parent, as does the mother in this case, I doubt her propriety as their custodian. The provisions of this decree result in divided custody, and the opinion of the majority seems to recognize that the hostile parties will abuse this situation by trying to counteract each other's respective efforts to alienate and gain their children's affections. It cannot serve the welfare of the children to be in a cross fire of parental spite.

The decree should be modified to prevent this divided custody, except for reasonable visitation, and to include a strict admonition to both of these parents, and particularly to the mother, to stop this and any other conduct which will be injurious and detrimental to the children.