Argued October 26, reversed November 10, petition for rehearing
denied December 22, 1954

## MEREDITH *v.* MEREDITH
276 P. 2d 387

*Charles R. Cater,* of La Grande, argued the cause
and filed a brief for appellant.

*C. Richard Neely,* argued the cause for respondent. On the brief were Helm & Neely, of La Grande.

Before LATOURETTE, Chief Justice, and WARNER, LUSK, BRAND, TOOZE and PERRY, Justices.

PER CURIAM.

This is an appeal by the defendant Caroline Frances Meredith from an order modifying a decree of divorce (as modified) respecting the custody of a minor child.

Michael Meredith, son of plaintiff and defendant, is four years of age. His parents were divorced by decree entered February 9, 1952. By stipulation of the parties, the decree awarded temporary custody of Michael to his paternal grandparents. On March 27, 1953, the decree was modified by awarding custody of Michael to his mother, the defendant. On January 16, 1954, plaintiff moved the court for an order modifying the decree by awarding sole custody of Michael to him. The motion was based upon a number of affidavits. Counteraffidavits were filed by defendant. The matter came on for hearing before the court on February 15, 1954. In addition to the affidavits and counteraffidavits filed as aforesaid, the court considered oral testimony offered at the time of trial. On February 23, 1954, the court entered an order modifying the decree (as theretofore modified) by awarding custody of Michael to his paternal grandparents, Mr. and Mrs. Ray Meredith. The defendant appeals.

■ We have carefully considered the affidavits and counteraffidavits filed in the case, together with the oral testimony produced at the time of trial. A consideration of the child's future welfare and happiness restrains us from detailing the charges and counter-charges made by the parties to this litigation. No good

purpose whatever would be served in making public and permanent this bizarre record. It is enough to say that the greater portion of the showing made by plaintiff in support of his motion to modify the decree related to matters that occurred, if they occurred at all, prior to the modification of the decree dated March 27, 1953, and even to matters occurring prior to the original divorce decree. We have repeatedly held that a decree respecting the care and custody of a minor child is res judicata as to what is for its best interests at the time of such decree, and that an award of custody will not be disturbed unless there is a subsequent change in circumstances and conditions warranting a modification. *Goldson v. Goldson,* 192 Or 611, 617, 236 P2d 314.

■ Moreover, the affidavits filed by plaintiff are rife with hearsay, unjust and unjustifiable innuendoes, and baseless conclusions. We are satisfied from the record that the defendant mother loves her child, and that during the comparatively short time the child was in her actual care and custody, she bestowed upon it a true mother's affection and care. We are particularly impressed by the statements made in her favor by the wholly disinterested sheriff and deputy sheriff of Union county. We also are convinced that whatever nervousness the child may have exhibited was caused entirely by the lack of stability as to its custody. No child of the age of this one can withstand the strain incident to being changed constantly from one environment to another. In such circumstances, the child naturally feels insecure. That must be put to an end. We are of the opinion that the best interests of this child of tender years demand that its custody be continued in the mother. *Hixson v. Hixson,* 199 Or 559, 569, 263 P2d 597; *Pick v. Pick,* 197 Or 74, 251 P2d 472; *Goldson v. Goldson,* supra; *Sakraida v. Sakraida,* 192

Or 217, 233 P2d 762; *Ruch v. Ruch,* 183 Or 240, 192 P2d 272.

■ The record before us induces the suggestion that when affidavits containing serious charges of misconduct against a party are filed with a motion to modify a decree respecting the custody of minor children, they should be considered primarily as the basis for an order to show cause; and although they may be considered at the final hearing upon the merits, nevertheless, the weight to be given them should be tempered by the fact that there has been an entire absence of cross-examination, the most valuable weapon yet devised for eliciting the truth. They should also be viewed in terms of the admissibility of the subject matter thereof if they had been tendered at the time of trial. It is in this light that this court, in trying the case de novo, considers them.

The order of the trial court from which this appeal is taken is reversed.