Argued June 28, resubmitted on briefs August 27,
affirmed as modified September 6, 1956

# WENGERT *v.* WENGERT

301 P. 2d 190

*Joe F. Walker,* Rainier, argued the cause and filed a brief for appellant.

*Glen R. Metsker,* St. Helens, argued the cause and filed a brief for respondent.

PER CURIAM.

This is a suit for divorce brought by Della C. Wengert, as plaintiff, against Herman Robert Wengert, as defendant. Plaintiff sought a decree awarding her custody of the only child of the marriage, a daughter now four and one-half years old, awarding her $2,500 alimony, and dividing the jointly held property. The trial court granted defendant a divorce on his cross complaint, dismissing plaintiff's complaint, awarded defendant custody of the child, and divided the jointly held property in a manner less favorable to plaintiff than that sought by her. Plaintiff appeals from that part of the decree respecting custody of the child and disposition of the property.

Upon a review of the evidence, it is our opinion that the trial court did not err in its disposition of the property involved. ORS 107.100(4) provides that the court, upon dissolving a marriage, may make such disposition of all the property of the parties "as may be just and proper in all the circumstances." Plaintiff has failed to show how the trial court's disposition of all the property of the parties was unjust or improper. One of the circumstances which should be, and no doubt was, taken into account by the trial court is the economic situation of the parties. Plaintiff has inherited,

with her brother, a farm owned by her deceased parents, for which, according to her testimony, there had been made an offer of $14,000. There are no encumbrances. In contrast, the property awarded to defendant is largely debt-ridden. Whatever value may remain can hardly be attributed to plaintiff's efforts. Plaintiff relies upon *Siebert v. Siebert,* 184 Or 496, 199 P2d 259 and *Flanagan v. Flanagan,* 188 Or 126, 213 P2d 801. Neither of these cases causes us to doubt the soundness of the disposition of property made by the trial court, as in both cases the economic circumstances of the parties were far different from those of the parties before us. Both the Siebert case and the Flanagan case support the proposition that the disposition of property upon the dissolution of a marriage must take into account all the circumstances. We are satisfied that this was done by the trial court. Plaintiff appears to be in far better financial condition than is defendant. She cannot complain because the court refused to burden defendant with more debt for her benefit. Moreover, as disclosed by the pleadings, plaintiff in her divorce complaint asks the court to award to the defendant the real property in which she presently seeks an interest and therefore is in no position to complain concerning the court's disposition of it.

■■ However, in our opinion, the trial court erred in awarding custody of the daughter to defendant. The law of this state requires that for a child of tender years to be taken from the care of its mother there must be clear proof that the mother is morally unfit or otherwise incompetent to rear the child. *Goldson v. Goldson,* 192 Or 611, 236 P2d 314; *Baier v. Baier,* 172 Or 83, 139 P2d 562; and *Ruch v. Ruch,* 183 Or 240, 192 P2d 272. Taking the testimony of defendant himself, and reading it in the light least favorable to plaintiff,

there is no indication whatever that plaintiff's faults, however serious they are claimed to be, have in any way interfered with the proper performance of her duties as a mother, nor that they are likely to do so in the future. When far more serious charges have been made and proved, this court has nevertheless refused to separate the child from its mother, where her alleged misconduct did not have a direct bearing upon the welfare of the child. *Pachkofsky v. Pachkofsky,* 192 Or 627, 236 P2d 320; *Sakraida v. Sakraida,* 192 Or 217, 233 P2d 762; *Pick v. Pick,* 197 Or 74, 251 P2d 472; and *Meredith v. Meredith,* 203 Or 45, 276 P2d 387.

■ If this were merely a contest between the parties we might well say that the innocent party is entitled to the child. We cannot so regard it. The welfare of the child must be our paramount concern. She is not to be treated as spoils of war or as a weapon to punish the miscreant. If awarding her custody to plaintiff causes defendant anguish, as we are sure it does, this is an unavoidable by-product of what is essentially a tragic situation. It is the business of the courts to prevent irreparable harm to the child, if possible. This can best be done by awarding her custody to the mother.

The decree is modified by providing that, until further order of the court, the custody of Linda Noreen Wengert shall be and hereby is awarded to plaintiff, with reasonable visitation rights to defendant, and defendant shall pay to plaintiff the sum of $25 per month toward the support of said child. Except as so modified, the decree is affirmed.