353 P.2d 895

**Dowell P. WARD, Appellant,**

v.

**Aurelia C. WARD, Appellee.**

**No. 6995.**

Supreme Court of Arizona.

June 30, 1960.

appellee Aurelia C. Ward (since remarried to one Dotts) against Dowell P. Ward, the appellant. The parties will hereinafter be referred to as they appeared in that action, i. e., as plaintiff and defendant.

As grounds for divorce plaintiff's complaint alleged cruel treatment on the part of defendant. She further demanded custody of the child, Paul Carroll Ward, then six years old, alleging her own fitness and defendant's unfitness to have such custody. Judgment was entered for plaintiff, granting the divorce, settling the property rights of the parties, and awarding care, custody and control of the minor child to plaintiff, the mother. Defendant was ordered to contribute $65 per month for the support of the child. The trial court made no findings of fact, and no transcript of these proceedings has been furnished. The following provision was included in the decree with respect to defendant's visitation rights:

> "That the care, custody and control of the minor child of plaintiff and defendant, to wit: Paul Carroll Ward, be, and is hereby, awarded to plaintiff with visitorial rights extended to defendant once a month for a period approximating three hours, the defendant to give plaintiff at least two days notice of the time of his visitation; and, said child shall not be removed from the jurisdiction of this Court without order of the Court in writing

W. C. Ferguson, Holbrook, and C. D. McCauley, Winslow, for appellant.

Marshall W. Haislip and Minne & Sorenson, Phoenix, for appellee.

UDALL, Justice.

This is an appeal from an order of the trial court denying appellant's motion for modification of certain provisions of a divorce decree governing the custody of the minor child of the parties herein. The original divorce action was instituted by

**134**

except for short periods of time which will not interfere with the visitorial rights of the defendant."

This judgment was dated January 25, 1955. No appeal was taken therefrom.

In the spring of 1957, defendant petitioned the trial court to exercise its continuing jurisdiction over the divorce decree and to modify the provision above set out by awarding custody to the father for the summer months of each year. Plaintiff's response to this petition relied on two points: that there had been no change of circumstances sufficient to justify a modification of the decree; and that defendant "* * * is not a fit and proper person to have part-time custody of said child, and his morals are such as would make it detrimental to the best interests of said child to be placed in his custody for any time whatsoever."

On June 3, 1957, a hearing was held on this petition, the transcript of which is now before us. At the close of the evidence, the Court said simply: "The court is going to deny your petition * * *." No findings were made in regard to the allegations of the plaintiff's response above referred to.

The third proceeding, which gave rise to the instant appeal, was commenced in the summer of 1959. Again defendant made formal application for a modification of the decree as respects visitation rights, and

again plaintiff resisted the motion. In her response plaintiff once more relied on claims that no change of circumstances had occurred and that defendant was not a fit person to have custody of the child. This time plaintiff omitted any reference to alleged immorality on the part of defendant. In ruling against defendant, the court declared:

"I am of the opinion that the evidence does not show any noticeable change of circumstances, therefore, the Petition to Modify the Decree is hereby denied."

This appeal followed, under A.R.S. § 12–2101, subd. C. See, Cone v. Righetti, 73 Ariz. 271, 240 P.2d 541.

 It is well settled that a condition precedent to the modification of the child custody provisions of a divorce decree is a showing of changed circumstances affecting the welfare of the child. Davis v. Davis, 78 Ariz. 174, 277 P.2d 261; Burk v. Burk, 68 Ariz. 305, 205 P.2d 583; Schulze v. Schulze, 79 Ariz. 86, 284 P.2d 457; Cone v. Righetti, supra. However, if a change in circumstances is proved, the court which entered the decree has continuing jurisdiction to order a modification thereof, in the exercise of its sound judicial discretion. Grimditch v. Grimditch, 71 Ariz. 198, 225 P.2d 489; Barrett v. Barrett, 44 Ariz. 509, 39 P.2d 621. The change of circumstances rule as a limitation on modification of a

divorce decree is one aspect of the principle of res judicata. Elders v. Elders, 206 Ga. 297, 57 S.E.2d 83; Evans v. Evans, 195 Miss. 320, 15 So.2d 698; Goodman v. Goodman, Tex.Civ.App., 236 S.W.2d 641; Goldson v. Goldson, 192 Or. 611, 236 P.2d 314; Meredith v. Meredith, 203 Or. 45, 276 P.2d 387; Brim v. Struthers, 44 Wash.2d 833, 271 P.2d 441. The court, in issuing the original decree, found that the arrangement, therein set out was for the best interests of the child. No appeal having been taken, this decision became final, *upon the facts then before the court,* and no alteration will be made without a showing that the factual situation has changed to such an extent that the original decree can no longer reasonably be expected to serve the purpose. Cf., Burk v. Burk, supra; Cone v. Righetti, supra. Even if the requisite proof of changed circumstances is made, the modification prayed for will be granted only if the welfare of the child will be advanced thereby. Davis v. Davis, supra.

 It is axiomatic, in this field of the law, that the primary consideration is the welfare of the child. The trial court is given broad discretion in determining what will be most beneficial for the child. Grimditch v. Grimditch, supra. The trial court's judgment in this regard cannot be set aside unless it clearly appears that the court abused its discretion. Gotthelf v. Gotthelf, 38 Ariz. 369, 300 P. 186; McFadden v. McFadden, 22 Ariz. 246, 196 P.

452; Bradstreet v. Bradstreet, 34 Ariz. 340, 271 P. 717. However, it should be noted that, in the order appealed from in the instant case, the trial court did not determine that the modification sought by defendant would be against the child's best interests. The court did not reach that point, having concluded the proceedings by its finding that no change in circumstances had occurred. We therefore address ourselves first to the question of changed circumstances, for if the court below was correct in its decision thereon, then the matter is at an end.

At the time of the entry of the original divorce decree in 1955, the pertinent facts were as follows: Plaintiff resided in Snowflake, Arizona, and defendant lived on his ranch 21 miles from that town. Plaintiff had been granted a divorce on grounds of cruelty, the defendant having presented no defense to the action. The child was six years old. Upon these facts, the trial court found that the best interests of the child required that custody be given to the mother, with the monthly visitation rights described above accorded to the father.

In August 1959, when the order now appealed from was entered, the facts were these: Plaintiff had remarried and moved to Phoenix, the home of her new spouse. Defendant, still living on his ranch near Snowflake (some 250 miles from Phoenix), had not remarried. The child was eleven years old (he is now twelve). Although

some subsequent misconduct on the part of defendant had been suggested, no proof thereof had been offered. The child had expressed a desire to visit his father on the ranch and to learn something of the ranching business. It was asserted that the boy was large and robust for his age and had shown an interest in horses and cattle. The summer climate of the mountain country near Snowflake is considerably more pleasant than the extreme heat of Phoenix. Because of the distance from the ranch to Phoenix, defendant had experienced considerable difficulty in exercising his visitorial rights, although he had never failed to make his monthly visit, even though this involved a 500 mile trip in order to spend three hours with the child. Defendant testified that plaintiff and her husband, through their attitudes toward him, were turning the son against his father.

Upon these facts the trial court found that there had been no change of circumstances. There being no conflict in the evidence, we hold that the court erred, as a matter of law, in this determination. Perhaps no single one of the uncontroverted facts set out above would in itself amount to a change of circumstances. However, taken together, they had sufficient impact to require a reconsideration of the entire question of custody. Therefore the trial court should have considered the merits of defendant's claim that the child's welfare would be advanced by his

spending his summer school vacations on the ranch with his father.

While a substantial increase in distance between the home of the child and the non-custodial parent may not alone justify a modification of the decree, it has been recognized as an important factor. Read v. Read, 103 Cal.App.2d 721, 230 P.2d 46; Cowen v. Cowen, 100 Cal.App.2d 366, 223 P.2d 666; Hughes v. Hughes, 180 Or. 575, 178 P.2d 170; McGetrick v. McGetrick, 204 Or. 645, 284 P.2d 352; Raw v. Raw, 195 Or. 373, 245 P.2d 431. The declared policy of this state, as announced by the legislature, is that the age of the minor child is a significant consideration in determining custody. See A.R.S. § 14–846, subd. B, hereinafter discussed; and see McFadden v. McFadden, supra. The statute also states the rule, followed at common law, that the expressed desires of the child "of sufficient age to form an intelligent preference" are persuasive, although not themselves controlling. A.R.S. § 14–846, subd. A. And the authorities agree that the alienation of a child from his natural parent should be avoided where possible. Reynolds v. Reynolds, 45 Wash.2d 394, 275 P.2d 421; Meffert v. Meffert, 118 Ark. 582, 177 S.W. 1; Johnson v. Johnson, 102 Or. 407, 202 P. 722; Cowen v. Cowen, supra; and see Note, 32 A.L.R.2d 1005, 1010. The concurrence of all these factors in the instant case constitutes a change of circumstances

which may substantially affect the boy's welfare. This justifies a consideration of whether the best interests of the child would be served by a modification of the existing custody decree.

It has been noted that the trial court did not reach this question of whether a partial change of custody would now be advantageous. Because of the exigencies of the situation and the fact that the summer is now upon us, we shall consider this issue upon the record now before us.

In support of his motion to modify, defendant relies primarily upon the following matters as bearing upon the question of his son's best interests:

1. the child's expressed desires;

2. alienation of the child's affections;

3. the advisability of the boy's being exposed to his father, and the present impracticality of such exposure;

4. the boy's age;

5. the necessity that the child be introduced to ranch life;

6. defendant's own fitness to have the partial custody which he seeks.

 In regard to the first point, the importance of the minor child's own desires has already been touched upon: they are persuasive, but not necessarily controlling. A.R.S. § 14–846, subd. A. As for the alleged alienation, this was before the court in the hearing below, and no finding was made thereon. However, the de-fendant did offer evidence tending to show that, under the existing visitation arrangement, the attitudes and actions of plaintiff and her present husband were such as to undermine the boy's respect for his father. As indicated above, this too is a factor weighing in favor of the modification. The next three points have a special significance in the light of our statute (A.R.S. § 14–846, subd. B). They shall be considered together.

The statutory provision referred to reads as follows:

"B. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child is of tender years, it shall be given to the mother. If the child is of an age requiring education and preparation for labor or business, then to the father." A.R.S. § 14–846, subd. B.

It is clear from the quoted language that the policy of this state is to recognize the rights and duties of *both* divorced parents in the upbringing of a minor child, and to take into account the fact that the age of the child may substantially affect the nature of those rights and duties. While still in infancy, the child is entitled to its mother's care and devotion. When it has reached an age where worldly guidance and training are important, the child should have the benefit of its father's experience

**138**

and example. Cf. Janney v. Janney, 159 Kan. 230, 154 P.2d 131. Although the statute does not expressly so state, it is readily apparent that the latter clause is particularly applicable to the boy child emerging into young manhood.

The legislature does not define "tender years" or "an age requiring education and preparation for labor and business." Obviously it was intended that these concepts would vary according to the facts present in the individual case. Here, although the boy is now only twelve years old, the facts indicate that he is ready and eager to be introduced to his father's ranching business. Defendant asserts that, unless the boy becomes accustomed now to the peculiar skills and demands of that business, he may never adapt to the ranch life and thus may be deprived of the pleasures and profits of his heritage. This position is reasonable. The boy should not be deprived of this opportunity in the absence of compelling interests to the contrary.

■■■■■ Although, as we have said, the welfare of the child is paramount, it should not be forgotten that the interest of the father in his son is also worthy of some consideration. A sincere desire on the part of the parent to share his child's companionship should not be lightly dismissed. Mullen v. Mullen, 188 Va. 259, 49 S.E.2d 349; Reynolds v. Reynolds, 45 Wash.2d 394, 275 P.2d 421; Luethans v. Luethans, Mo.App., 243 S.W.2d 801; In re McMen-amin, Okl., 310 P.2d 381; McGetrick v. McGetrick, 204 Or. 645, 284 P.2d 352.

■■■■ Of course, the statutory preference in favor of the father on these facts is limited by the phrase—"other things being equal". Whether "other things" are equal is a question of fact, the most important aspect of which is whether both parents are fit and proper persons to have custody of the child. That is, if neither parent is found to be unfit, and if the walfare of the child does not clearly demand otherwise, "other things" are equal, and the policy declared by the statute should be adhered to. See the well-reasoned opinions in Bemis v. Bemis, 89 Cal.App.2d 80, 200 P. 2d 84, and Juri v. Juri, 69 Cal.App.2d 773, 160 P.2d 73, decided under a California statutory provision identical to our own. Cal.Civ.Code, § 138(2). This brings us to the final question presented by this appeal: the fitness of defendant.

■■■■ At the outset we are faced by the contention that a finding of the father's unfitness in the original action must be presumed from the fact that the court, in issuing the divorce decree without making findings of fact, placed the child in his mother's custody. No such presumption is called for. Since the boy was at that time six years of age ("of tender years"), and since the statute calls for custody in the mother under such circumstances—"other things being equal"—the

only presumption which can arise against the father from the decree is that "other things" were equal, i. e., that the father was no *more fit* than the mother. As the Texas Court of Civil Appeals said, in Green v. White, Tex.Civ.App., 203 S.W.2d 960:

> " * * * The award of custody must necessarily include an adjudication that the parent to whom custody was awarded was a fit and suitable person to have such custody, but it does not necessarily adjudicate that the parent to whom custody was not awarded was a fit or unfit person to have such custody. * * *" 203 S.W. 2d 962.

The fitness of the present custodian, the mother, is not here contested. Therefore the original decree can have no presumptive effect in this proceeding.

 On the question of fitness, plaintiff contends that there was sufficient evidence before the trial court upon which to base a finding of unfitness of defendant. From the record it does not appear that there was any competent evidence upon which a finding of unfitness could have been made. Be that as it may, it is clear from the record that the trial court made no such finding. The sole basis given for the dismissal below was that defendant had failed to prove a change of circumstances. There has been no adjudication of the issue of defendant's fitness. This being the case, he is presumed to be a fit person to have the partial custody of his son. Stewart v. Stewart, 41 Cal.2d 447, 260 P.2d 44. It therefore follows that, since "other things" are equal, the defendant is entitled to the modification requested.

Of course, this decision is a final adjudication only upon those facts now existing and before the court. If at any time in the future new facts should appear which would constitute a change of circumstances, or if positive evidence of defendant's unfitness were presented, the trial court would have authority in the exercise of its continuing jurisdiction to order such further modification of the decree as would best serve the welfare of the child.

The order of the trial court is reversed, and the cause is remanded with instructions to modify the decree to allow custody to be given to defendant annually for that part of the months of June, July, and August when school is not in session, until further order of the trial court, defendant's support payments to plaintiff to be suspended for that period of each year. In all other respects the decree is to remain unchanged.

STRUCKMEYER, C. J., and PHELPS, JOHNSON, and BERNSTEIN, JJ., concurring.