NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ASHLEY DAPRA, *Petitioner/Appellant*,

*v.*

CONNOR ROBERTSON, *Respondent/Appellee*.

No. 1 CA-CV 23-0726 FC

FILED 08-01-2024

Appeal from the Superior Court in Yavapai County
No. P1300DO202100870
The Honorable Thomas K. Kelly, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Signature Law Group PLLC, Gilbert
By Bryan C. Shaw
*Counsel for Petitioner/Appellant*

Mull & Brown PLLC, Prescott
By John G. Mull
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Angela K. Paton delivered the decision of the Court, in which Judge Michael S. Catlett and Judge James B. Morse Jr. joined.

---

**P A T O N**, Judge:

¶1        Ashley M. DaPra ("Mother") appeals the modification order granting Connor B. Robertson ("Father") joint legal decision-making authority and equal parenting time. For the reasons stated below, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Mother and Father have two children, born in 2015 and 2019. Mother and Father separated in 2021, and in November of that year, a California court granted Mother sole legal custody of the children and Father parenting time every other weekend and overnights on Wednesdays. The parties shared the holidays equally. Once the children started school, the parenting time order provided for alternating weeks during summer breaks and an equal split of parenting time during spring breaks.

¶3        At the time the custody order was issued, Mother was living in Arizona and Father was in the process of moving from California to Arizona. In the order, both parties stipulated that the case would transfer to Yavapai County "as both parties now reside in that geographical area."

¶4        Father subsequently petitioned to modify the California order, seeking joint legal decision-making authority and equal parenting time. As changed circumstances, Father alleged that one year had passed since the California order, and both parties now lived in Yavapai County. Father also argued that Mother had restricted his parenting time, refused to co-parent, and made false allegations regarding their oldest child's school performance.

¶5        At an evidentiary hearing on Father's petition in May 2023, Mother orally moved to dismiss it, arguing Father had not shown a change in circumstances materially affecting the children's best interests. The superior court denied the motion based on Father's testimony, finding that at the time of the California order, Mother lived in Arizona and Father

planned to move but had not yet done so. The court concluded the statement in the stipulation, "as both parties now reside in that geographical area[,]" was ambiguous. Further, the court found that significant time had passed since the California order in November 2021, and the children were older and attending school which presented different circumstances.

¶6        The superior court found that joint legal decision-making and equal parenting time on an alternating week schedule were in the children's best interests. Mother timely appealed. She does not challenge the court's best interest analysis on appeal. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(1).

## DISCUSSION

¶7        When considering a petition to modify legal decision-making and parenting time orders, the superior court must first determine "'whether there has been a change of circumstances materially affecting the welfare of the child.'" *Backstrand v. Backstrand*, 250 Ariz. 339, 343, ¶ 14 (App. 2020) (citation omitted). If the court finds such a change, then it considers whether a change in legal decision-making authority or parenting time is in the child's best interests. *See id.* We review the court's decision as to the existence of changed circumstances for an abuse of discretion and will affirm absent a lack of evidence to support its ruling. *Id.*

¶8        Mother argues that the superior court erred by modifying the legal decision-making and parenting time orders without making findings as to whether there was a material and ongoing change in circumstances. Although the court did not make written findings regarding a change in circumstances, the court made oral findings at the hearing on Father's petition. And Section 25-411 does not require such findings be in writing. *See* A.R.S. § 25-411; *see also Hart v. Hart*, 220 Ariz. 183, 187, ¶¶ 16-17 (App. 2009) (holding that absent a statutory requirement to make written findings, courts are not required to do so). The court found that changed circumstances materially affecting the children's welfare existed, such as both parties living in Arizona, the passage of time, and the children's school attendance.

¶9        Mother contends the superior court erred by finding that Father's move to Arizona constituted a changed circumstance, arguing the stipulation language in the California order constitutes a binding determination that both parties lived in Arizona at that time, and this error "taint[ed] the entire Under Advisement Ruling." *See supra* ¶ 3. She claims

the superior court erred in accepting Father's testimony that he still lived in California at the time of the 2021 order. Because we defer to the superior court's weighing of the evidence, we need not decide whether Father's move to Arizona constituted a changed circumstance. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998). Further, the court found other changed circumstances existed.

¶10         Specifically, the court found that a changed circumstance existed because the children were "growing up" and attending school. Mother objected to Father's involvement in the children's education, and the record included evidence of the parents' difficulty co-parenting now that the children were old enough to attend school, camp, and other activities. At the hearing, Father testified that the California order said that because his younger son was "not school age . . . he[] [was] not entitled to vacation time" like his older son was during school breaks. Father later testified that, at the time of the hearing, his younger son was about to start preschool. The record supports the finding that starting school and other activities constituted changed circumstances materially affecting the children's welfare. *See Ward v. Ward*, 88 Ariz. 130, 135-36 (1960) (considering a child's increased age, in combination with other factors, to determine whether changed circumstances existed).

¶11         The evidence also supports Father's allegation that Mother attempted to alienate the children from him and made false allegations about the children's adjustment to spending time with Father. Mother removed Father's name from school lists and called the police to question Father at their child's basketball game despite having no enforceable protective order. Mother also violated the parenting time orders on a few occasions. Although Mother disputed Father's testimony on these incidents, the superior court found Mother was not a credible witness, and we defer to the superior court's credibility determinations. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). A single incident may not be a sufficient reason to find a change in circumstances, but the combination of these events shows a sufficient change. *See Stapley v. Stapley*, 15 Ariz. App. 64, 71 (1971). Thus, the parent's animosity towards each other and Mother's disregard for the parenting time order also supports the court's finding of changed circumstances. *See Stapley*, 15 Ariz. App. at 71 (stating a parent's animosity and disregard for parenting time order were relevant factors in deciding whether changed circumstances existed). The superior court did not abuse its discretion in modifying the legal decision-making and parenting time order. *See Backstrand*, 250 Ariz. at 343, ¶ 14 (affirming the superior court's changed circumstance ruling unless there is a "clear absence of evidence") (citation omitted).

**¶12**        Both parties request an award of attorneys' fees and costs on appeal under Arizona Rule of Civil Appellate Procedure ("ARCAP") 21 and Section 25-809(G).  Father also cites Section 25-324 in support of his request for fees.  Under both statutes, we consider the financial resources of the parties and the reasonableness of their positions.  *See* A.R.S. §§ 25-324, -809(G).  Based on our consideration of these factors, we order the parties to bear their own attorneys' fees.  Father, however, as the successful party on appeal, is entitled to recover his taxable costs upon compliance with ARCAP 21.

## CONCLUSION

**¶13**        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    TM