518 P.2d 1017

Joanne PORTER, Appellant,

v.

Milton Dale PORTER, Appellee.

No. 2 CA–CIV 1407.

Court of Appeals of Arizona, Division 2.

Feb. 6, 1974.

Skousen, McLaws & Skousen by Richard E. Skousen, Mesa, Spellman, Spellman & Spellman by Martin E. Spellman, Perry, Iowa, for appellant.

Stanfield, McCarville, Coxon & Ishmael by Samuel T. Ishmael, Casa Grande, for appellee.

## OPINION

KRUCKER, Judge.

This appeal seeks reversal of a portion of a divorce decree granting the care, custody and control of two minor children to appellee.

The exact circumstances leading up to this appeal are somewhat in conflict and disputed by both parties. The pertinent facts are as follows. On March 22, 1967, appellant, Joanne Porter, and appellee, Milton Dale Porter, were married in Las Vegas, Nevada. Of this marriage two children were born: Alva Dale Porter, born August 2, 1967, and Charles Arthur Porter, born September 10, 1968.

Throughout their marriage, Mr. and Mrs. Porter lived in Las Vegas, Nevada. Due to marital problems, appellant left Las Vegas with her two children in January of 1971 and went to the state of Iowa. After several phone conversations with Mrs. Porter, Mr. Porter drove to Iowa in May, 1971, with one Dale Scott. While there they picked up appellant and the two children and returned to Las Vegas where the Porters resumed living together.

Shortly thereafter, they had marital problems. This time Mr. Porter left Las Vegas with the two children. He and the children went to Superior, Arizona, where Mr. Porter obtained employment at the Kennecott Mines. Mrs. Porter returned to Iowa.

In an effort to obtain custody of her two children, Mrs. Porter filed an application for a writ of habeas corpus in February, 1972. Following a hearing on March 3, 1972, the trial court denied the writ, granting appellee physical custody of the children.

Subsequently, in July, 1972, appellant, then a resident of Iowa, filed a complaint for separate maintenance in the Superior Court of Pinal County. Appellee answered and counterclaimed for a decree of absolute divorce. A hearing was held September 26, 1972, and a decree of divorce was entered on November 13, 1972. In the decree the court found both Mr. and Mrs. Porter to be:

"[F]it and proper person[s] at this time to have the care, custody and control of the minor children and further finds that the defendant has done a very fine job of taking care of the children while they have been in his custody and that there has been no substantial change of circumstances since the last hearing on custody to change custody at this time. . . ."

The court then ordered that the care, custody and control of the two minor children remain with appellee Milton Dale Porter subject to reasonable visitation privileges in appellant.

Five questions are submitted by appellant for review. In substance, her position is that the lower court abused its discretion in granting custody to appellee after finding that appellant was a fit and proper person to have custody.

 In Arizona the factors to be considered in determining custody matters are well settled. The primary consideration is the welfare of the children. Andro v. Andro, 97 Ariz. 302, 400 P.2d 105 (1965); Smith v. Smith, 90 Ariz. 190, 367 P.2d 230 (1961). The trial court is given broad discretion in determining what will be the most beneficial for the children, Ward v. Ward, 88 Ariz. 130, 353 P.2d 895 (1960), and it is in the best position to determine what is in the children's interest. Galbraith v. Galbraith, 88 Ariz. 358, 356 P.2d 1023 (1960). Unless it clearly appears that the judge has mistaken or ignored the evidence, we will not interfere, Galbraith v. Galbraith, supra; however, we will not hesitate to modify or reverse where the record discloses an abuse of judicial discretion. Dunbar v. Dunbar, 102 Ariz. 352, 429 P.2d 949 (1967).

It is important to note that the habeas corpus ruling was not a final adjudication of who was to have the care, custody and control of the two minor children. The lower court quashed appellant's application for a writ of habeas corpus thereby refusing to terminate appellee's physical custody of the children. No actual determination as to whom their care, custody and control should be granted was made until the divorce decree was entered November 13, 1972. Since appellant was not seeking a change of custody, she was not required to show that circumstances subsequent to the habeas corpus hearing had changed.

A.R.S. § 14–846[1] is an expression of the legislative policy of this State that the age of minor children is a significant consideration in the determination of custody. Subsection B thereof provides:

"As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child is of tender years, it *shall* be given to the mother. If the child is of an age requiring education and preparation for labor or business, then to the father." (Emphasis added)

We believe A.R.S. § 14–846(B) is applicable in this case. In Ward v. Ward, supra, the Arizona Supreme Court interpreted it as follows:

"It is clear from the quoted language that the policy of this state is to recognize the rights and duties of *both* divorced parents in the upbringing of a minor child, and to take into account the fact that the age of the child may substantially affect the nature of those rights and duties. While still in infancy, the child is entitled to its mother's care and devotion." 88 Ariz. at 137, 353 P.2d at 900.

\* \* \* \* \* \*

"Of course, the statutory preference . . . is limited by the phrase—'other things being equal'. Whether 'other things' are equal is a question of fact, the most important aspect of which is whether both parents are fit and proper persons to have custody of the child. That is, if neither parent is found to be unfit, and if the welfare of the child does not clearly demand otherwise, 'other things' are equal, and the policy declared by the statute *should be adhered to.*" (Emphasis added) 88 Ariz. at 138, 353 P.2d at 901.

 Whether "other things" are equal depends upon: (1) whether both parents are fit and (2) whether the welfare of the child clearly demands otherwise. The trial court expressly found both Mr. and Mrs. Porter fit and proper to have the care, custody and control of the two minor children. Our review of the record does not indicate

anything to the contrary. Furthermore, we find nothing in the record which would indicate that the welfare of the children clearly demands otherwise. We therefore conclude that "other things" are equal.

Abiding by the policy of A.R.S. § 14–846(B) which requires that custody *shall* be given to the mother, we hold that the lower court erred in granting the care, custody and control of the two minor children to appellee. The custody award is reversed and the cause is remanded with instructions to modify the decree giving custody to appellant with reasonable visitation privileges to appellee.

HATHAWAY, C. J., and HOWARD, J., concur.