590 P.2d 944

In re the Marriage of Sharon M. ANDERSON, Appellant,

v.

Roger V. ANDERSON, Appellee.

No. 1 CA-CIV 3899.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 30, 1979.

Otto H. E. Linsenmeyer, Marvin W. Manross, Phoenix, for appellant.

Bendheim & Mote by Alice L. Bendheim, Phoenix, for appellee.

## OPINION

FROEB, Judge.

Appellant, Sharon Anderson, challenges the decision of the trial court awarding custody of the parties' two children to appellee, Roger Anderson.

The parties were married in 1968 and their marriage was dissolved in 1977. At the time of the hearing on custody, their daughter Jean Marie was six and one-half years of age and their daughter Paula Sue was nineteen months. Temporary custody during the dissolution proceedings was awarded to appellant.

The trial court, in its decree of dissolution, found that both parties were fit and proper persons to have custody of the children, but that it was in the best interests of the children that their care, custody, and control be awarded to appellee.

Appellant's principal contention is that, since she was found fit to have custody, the tender years of the children should have dictated her selection as the custodial parent. In advancing this contention, appellant acknowledges the repeal of former A.R.S. § 14–846(B) and the enactment of present A.R.S. § 25–332. Former § 14–846(B) provided:

> As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child is of tender years, it shall be given to the mother. If the child is of an age requiring education and preparation for labor or business, then to the father.

Present A.R.S. § 25–332(A), which became effective August 8, 1973, provides:

> The court shall determine custody, either originally or upon petition for modification, in accordance with the best interests of the child. The court may consider all relevant factors, including:
>
> 1. The wishes of the child's parent or parents as to his custody.
>
> 2. The wishes of the child as to his custodian.
>
> 3. The interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest.
>
> 4. The child's adjustment to his home, school and community.
>
> 5. The mental and physical health of all individuals involved.

Relying upon *McFadden v. McFadden*, 22 Ariz. 246, 196 P. 452 (1921), appellant argues that the presumption in favor of the mother is of common law origin and remains in effect in Arizona because it is not inconsistent with the best interests standard of § 25–332(A). Whether the tender years presumption is of common law origin is of no moment under current Arizona law because the Legislature, by enacting § 25–332(A), has manifested an intent that there be no presumptions favoring either parent.

Appellant further argues that this case falls within the "other things being equal" test of *Porter v. Porter,* 21 Ariz.App. 300, 518 P.2d 1017 (1974) and *Ward v. Ward,* 88 Ariz. 130, 353 P.2d 895, modified 88 Ariz. 285, 356 P.2d 30 (1960). Those cases hold that the statutory presumptions in favor of one parent or the other should be applied in cases where "other things are equal." Whether other things are equal depends upon: (1) whether both parents are fit, and (2) whether the welfare of the child clearly demands the presumption not apply in that particular case. Appellant first points out that the judgment of the trial court finds that both parents are fit. She then argues that none of the evidence meets the standard of *clearly demanding* that the tender years presumption not be applied in this case. We do not find this argument compelling as both *Ward* and *Porter* were decided on the law as it existed prior to the 1973 changes.

 Turning to the evidence, we find no indication that the factors set forth in A.R.S. § 25–332(A) were not weighed by the trial court in awarding custody to appellee. Appellant testified that she was working long nights, attending school, and participating in other activities which took her outside of the home. Two nonparty witnesses testified to incidents where the needs of the children had been neglected by appellant. Appellee, on the other hand, testified that he had steady daytime employment and could be with the children at both breakfast and dinner. The report of the Conciliation Court on the question of custody recommended that the children be placed in the custody of appellee. Several witnesses alluded to in the report described appellee as the "more nurturing" parent.

The total evidentiary picture showed substantially more stability in the life situation of appellee than in that of appellant. The fact that appellant was found fit did not relieve the trial judge of the burden of determining which parent could best meet the present needs of the children. *Morales v. Glenn,* 114 Ariz. 327, 560 P.2d 1234 (1977). The trial court had the advantage of observing and evaluating the live testimony of the witnesses. There was an ample basis for the decision reached and we cannot say that there was an abuse of discretion in placing custody of the children with appellee. *See Smith v. Smith,* 117 Ariz. 249, 571 P.2d 1045 (App.1977).

Appellant also contends that the trial court erred in not granting her motion for a new trial. The motion was based largely upon a change in appellant's employment after the trial. A motion for new trial is a matter addressed to the sound discretion of the trial court. *McClennen v. McClennen,* 11 Ariz.App. 395, 464 P.2d 982 (1970). Upon a consideration of the motion in the light of all of the evidence in this case, we find no abuse of discretion, particularly since appellant's new job also required unusual working hours.

The judgment of the trial court is affirmed.

DONOFRIO, Acting P. J., and HAIRE, J., concur.