NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

SUSAN EASTMAN, *Petitioner/Appellant,*

*v.*

BRUCE EASTMAN, *Respondent/Appellee.*

No. 1 CA-CV 14-0286
FILED 3-24-2015

Appeal from the Superior Court in Coconino County
No. S0300DO201000071
The Honorable Elaine Fridlund-Horne, Judge

**AFFIRMED**

COUNSEL

Catherine Fine, Attorney at Law, Flagstaff
By Catherine Fine
*Counsel for Petitioner/Appellant*

Bruce Eastman, Flagstaff
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Maurice Portley joined.

---

**T H O M P S O N**, Judge:

¶1 Susan Eastman (Mother) appeals from an order designating Bruce Eastman (Father) as the primary residential parent for their son, G., and granting her final decision-making authority only for certain medical issues. Finding no abuse of discretion or error of law, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

¶2 The parties married in 2007 and became parents of G. later that year. The family lived in Flagstaff. Father was the stay-at-home parent while Mother commuted to her job as an attorney in Tuba City. In 2010, Mother served Father with a petition for dissolution and moved to Tuba City, then returned to Flagstaff the following year.

¶3 In the Decree dissolving their marriage, the family court awarded the parties joint legal decision-making authority and granted Father final decision-making authority if the parties could not agree. The Decree adopted the parties' earlier agreement, which provided that G. generally would reside with Father from Sunday evening to Thursday evening and with Mother for the rest of the week. The Decree further provided that Mother will pay Father $375 in monthly child support.

¶4 In May 2013, a few months before G. started kindergarten, Mother petitioned to modify the Decree's legal decision-making, parenting time, and child support orders. Two months later, Mother moved back to

---

[1] We view the evidence in the light most favorable to sustaining the superior court's ruling. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5, 972 P.2d 676, 679 (App. 1998). Because both parties violated Arizona Rule of Civil Appellate Procedure 13(a)(4) by failing to consistently cite the record, we rely upon our own independent review of the record. *Clemens v. Clark*, 101 Ariz. 413, 414, 420 P.2d 284, 285 (1966).

Tuba City. She argued that G. should start attending school full-time in order to better address his special needs, and continuing to exchange G. with Father on Thursdays would be "too disruptive." Under Mother's proposed parenting schedule, G. would attend school in Tuba City and reside with her five days per week, and Father generally would have parenting time on six weekend days per month and on some holidays.

¶5 In opposing the modification, Father insisted that G. attend a Flagstaff school and disputed some of Mother's assertions concerning G.'s health and educational needs. The family court granted Mother's request to hold a hearing on modifying parenting time and legal decision-making. Neither party disputed that G.'s kindergarten schedule would require a five/two day parenting time schedule instead of the existing four/three day schedule, and was a change in circumstances materially affecting the child's welfare. *See Black v. Black,* 114 Ariz. 282, 283, 560 P.2d 800, 801 (1977) (holding a change in circumstances is a condition precedent to modification).

¶6 The parties and Dr. Kim Kalas, a court-appointed advisor, testified at the ensuing hearing, and Dennis Glanzer, a best interest attorney (BIA), submitted a closing statement. After making findings under Arizona Revised Statutes (A.R.S.) §§ 25-403 (Supp. 2014), 25-403.01 (Supp. 2014), and 25-408(H) (Supp. 2014), the family court held that Mother's proposed modification of parenting time was not in G.'s best interest. The court reaffirmed joint legal decision-making but provided that neither party would have the final word, except Mother would have final authority on all non-emergency medical matters, vaccines, and prescriptions. In order to accommodate G.'s full-time school attendance, the court modified parenting time so that he generally would spend five weekdays with Father in Flagstaff and two weekend days with Mother in Tuba City, but Father would also have G. for six weekends per year. At the time of the ruling, G. was already attending a Flagstaff kindergarten.

¶7 This appeal followed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2) (Supp. 2014).[2]

---

[2] We deny Father's motion to dismiss Mother's appeal based upon her apparent failure to serve briefs on the BIA. The record indicates that the family court discharged the BIA prior to the due date of the Answering Brief. Our decision resolves the merits of the Father's alternative arguments.

## DISCUSSION

**I.    The Family Court Did Not Abuse Its Discretion by Denying Mother's Motion to Modify Parenting Time and Legal Decision-Making.**

**¶8**    We review a family court's rulings on legal decision-making and parenting time for abuse of discretion. *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7, 79 P.3d 667, 669 (App. 2003). A court abuses its discretion when it commits an error of law in reaching a discretionary decision, reaches a conclusion without considering evidence, commits another substantial error, or makes findings lacking substantial evidentiary support. *Flying Diamond Airpark, L.L.C. v. Meienberg*, 215 Ariz. 44, 50, ¶ 27, 156 P.3d 1149, 1155 (App. 2007).

### A.    The A.R.S. § 25-408(H) Factors Apply.

**¶9**    Mother's primary argument is that the family court erroneously applied the relocation factors of A.R.S. § 25-408(H). Whether A.R.S. § 25-408(H) applies is an issue of statutory interpretation we review de novo. *New Sun Bus. Park, L.L.C. v. Yuma Cnty.*, 221 Ariz. 43, 45, ¶ 4, 209 P.3d 179, 181 (App. 2009).

**¶10**    Under A.R.S. § 25-408(A),

> [i]f by written agreement or court order both parents are entitled to joint legal decision making or unsupervised parenting time and both parents reside in the state, at least sixty days' advance written notice shall be provided to the other parent before a parent may do either of the following: (1) Relocate the child outside the state. (2) Relocate the child more than one hundred miles within the state.

Mother contends that A.R.S. § 25-408 cannot apply because neither party petitioned to relocate, and Mother was not seeking to relocate G. out of state or more than one hundred miles from Flagstaff as required by A.R.S. § 25-408(A). *See Thompson v. Thompson*, 217 Ariz. 524, 527, ¶ 14, 176 P.3d 722, 725 (App. 2008). We disagree.

**¶11**    At the time Mother filed the modification petition, she had not yet chosen a home in Tuba City. It was conceivable that Mother's new residence could be 100 miles or more from her Flagstaff residence. Although Mother claims on appeal to have later informed the family court of the actual distance, she cites no record evidence of that notification.

Moreover, in light of Mother's failure to supply this court with a hearing transcript as required by Arizona Rule of Civil Appellate Procedure (ARCAP) 11(b)(1), we assume that the record supports the family court's conclusion that A.R.S. § 25-408 applies. *See Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995); *see also Romero v. Sw. Ambulance & Rural/Metro Corp.*, 211 Ariz. 200, 203, ¶ 4, 119 P.3d 467, 470 (App. 2005) (holding unsupported arguments without relevant transcripts "insufficient for us to meaningfully review the trial court's rulings or to overcome the presumption that those rulings are supported by the record").

**¶12** Even assuming that the distance was less than 100 miles, we would reach the same result. The family court has discretion to apply the A.R.S. § 25-408(H) factors even if A.R.S. § 25-408(A) does not apply. *See Buencamino v. Noftsinger*, 223 Ariz. 162, 164 n.3, ¶ 10, 221 P.3d 41, 43 n.3 (App. 2009) (recognizing the discretion to apply some or all of the A.R.S. § 25-408(H) factors in appropriate cases). In view of the substantial change involved in reconfiguring parenting time from a four/three day schedule to a five/two day schedule, the family court's application of all the A.R.S. § 25-408(H) factors was appropriate. *See id.*

**B.** **The Court's Determinations Regarding Parenting Time and Legal Decision-Making Authority Were Sufficiently Supported by Its Findings and the Evidence.**

**¶13** Mother next argues that the evidence and the family court's best interest findings fail to support the award of increased parenting time to Father. The court must determine whether the proposed modification of parenting time and legal decision-making was in G.'s best interest. *Black*, 114 Ariz. at 283, 560 P.2d at 801. The family court has broad discretion in making this determination. *Porter v. Porter*, 21 Ariz. App. 300, 302, 518 P.2d 1017, 1019 (1974), *superseded by statute on other grounds as stated in Anderson v. Anderson*, 121 Ariz. 405, 406-07, 590 P.2d 944, 945-46 (App. 1979). Because this is a contested case, the family court was required to make specific findings on the record concerning all relevant best interest factors, including those in A.R.S. §§ 25-403, -403.01, and -408(H).

**¶14** The court's order contains findings covering all factors in A.R.S. §§ 25-403, -403.01, and -408(H). Mother argues that these findings do not support designating Father as the primary residential parent. For example, the family court found that Father had taken G. to the emergency room by ambulance "many" times and filed seven unsuccessful petitions for protective orders against Mother. Attributing these actions to Father's hyper vigilance and protective instincts, the court concluded that they were,

nevertheless, "over the top and abusive." *See* A.R.S. § 25-403(A)(6). Father also seemed to have difficulty in communicating with Mother. *See* A.R.S. § 25-403.01(B)(2).

¶15 Yet the court also found that both parents have a "wonderful relationship" with G. and joint parenting is logistically possible. *See* A.R.S. §§ 25-403(A)(1); 25-403.01(A)(3). G. was already attending kindergarten in Flagstaff and "appears to be doing well in school." *See* A.R.S. § 25-403(A)(3). Moreover, "[t]here would be no prospective advantage for [G.] is [sic] he moved." *See* A.R.S. § 25-408(H)(2). Father had raised concerns about the comparative merits of the Tuba City and Flagstaff school systems, which the family court deemed one of "the very good reasons" for Father's position. *See* A.R.S. § 25-408(H)(6). The Tuba City school would be "more culturally diverse" but would also present "different conflicts." *See* A.R.S. § 25-403(H)(2), (7). Due to Father's "lack of reliable transportation," Father would have "no realistic opportunity" for "substantial parenting time" with G. if he attended school in Tuba City. *See* A.R.S. § 25-408(H)(5).

¶16 Although the family court should not "focus too much attention on the impact on the child's relationship with [a parent] to the exclusion of other relevant considerations," not all of the statutory factors may apply or weigh equally in a given case. *Owen*, 206 Ariz. at 421, ¶ 12, 79 P.3d at 670. The court acknowledged and addressed Father's concerning behaviors regarding G.'s health care by giving Mother the final word on all non-emergency medical matters, vaccines, and prescriptions. It did not choose, however, to award Mother the majority of parenting time based upon that factor. These rulings were within the family court's discretion and sufficiently supported. *See Miller v. Bd. of Supervisors of Pinal Cnty.*, 175 Ariz. 296, 300, 855 P.2d 1357, 1361 (1993) (explaining that sufficient factual findings contain "the essential and determinative facts on which the conclusion was reached").

¶17 We likewise reject Mother's argument that the family court failed to explain its reasoning. The family court emphasized that the child's interests come first, not the parents' preferences. The court considered the statutory factors, many of which were neutral or non-applicable, and concluded that "[t]here would be no prospective advantage for [G.]" if he moved to Tuba City and Father would have "no realistic opportunity" for "substantial parenting time" if G. resided there. The family court's decision appropriately prioritized G.'s stability and access to both parents.

¶18 Furthermore, we cannot agree that the family court's findings lacked evidentiary support. In challenging these findings, Mother cites

evidence she finds inconsistent with the court's analysis and criticizes the weight given to certain findings. This court will not re-weigh the evidence. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16, 219 P.3d 258, 262 (App. 2009) (appellate court's duty "does not include re-weighing conflicting evidence" but does include affirming the decision if substantial evidentiary support exists); *Hamilton v. Municipal Ct.*, 163 Ariz. 374, 378, 788 P.2d 107, 111 (App. 1989). As an appellate court, we must give due regard to the family court's ability to assess witnesses' credibility and weigh the conflicting evidence. *Gutierrez*, 193 Ariz. at 347, ¶ 13, 972 P.2d at 680 (deferring to the family court's assessments); Ariz. R. Family L.P. 82(A) (appellate court will give due regard "to the opportunity of the trial court to judge the credibility of witnesses"). The family court was not bound to accept even the uncontradicted evidence of an interested party. *Estate of Reinen v. N. Ariz. Orthopedics, Ltd.*, 198 Ariz. 283, 287, ¶ 12, 9 P.3d 314, 318 (2000).

¶19        Without a transcript, we must assume that the trial testimony supported the family court's findings. *Baker*, 183 Ariz. at 73, 900 P.2d at 767; *see also Romero*, 211 Ariz. at 203, ¶ 4, 119 P.3d at 470. In any event, the available record contains reasonable support for the family court's ruling. The BIA opined that changing G.'s school "would cause concern" and Mother's proposed schedule did not provide Father with sufficient parenting time. Acknowledging Father's numerous doctor appointments for G., the BIA recommended a change in final authority with respect to medical issues but did not suggest an increase in Mother's parenting time. The modification order is consistent with the BIA's recommendations.

¶20        Mother nevertheless emphasizes that Karas's report, filed before Mother petitioned for modification, supports Mother's request for five days of parenting time in Tuba City. That report found that both parents were bonded to G., were able to set aside differences to devise an educational plan, and were able to meet G.'s daily needs. G. appears "comfortable and affectionate" with both parents. Karas expressed concern, however, about G.'s sporadic pre-school attendance, his inconsistent medical care, the lack of follow-up on cognitive and emotional testing recommended for him, and the lack of opportunities for G. to socialize and exercise. She accordingly recommended either mediation for the parties on medical issues, or granting Mother final decision-making authority.

¶21        The weight given to this expert's report is a matter within the family court's discretion. *See DePasquale v. Super. Ct.*, 181 Ariz. 333, 336, 890 P.2d 628, 631 (App. 1995) (holding the court can consider expert opinion but must exercise independent judgment – "[t]he best interests of the child

. . . are for the court alone to decide"). The family court granted Mother final decision-making authority on some medical issues but not increased parenting time. Viewing the evidence available in the light most favorable to sustaining the court's ruling, we affirm its modification of parenting time and legal decision-making.

**CONCLUSION**

**¶22**       Based on the foregoing analysis, we affirm the family court's order. Father is entitled to recover his taxable costs on appeal contingent upon his compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama