NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

ROBERT DAVID DELANCY JR., *Petitioner/Appellant*,

*v.*

JENNIFER WRIGHT, *Respondent/Appellee*.

No. 1 CA-CV 14-0545 FC
FILED 7-16-2015

Appeal from the Superior Court in Maricopa County
No.  FC2010-093563
The Honorable John R. Hannah, Judge

**AFFIRMED**

COUNSEL

Robert David Delancy Jr., Gilbert
*Petitioner/Appellant*

Lawrence B. Slater, PLLC, Gilbert
By Lawrence B. Slater
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Kenton D. Jones joined.

**T H O M P S O N**, Judge:

¶1          Robert David Delancy Jr. (Father) appeals from the court's minute entry order, filed June 6, 2014.  For the following reasons, we affirm.

**FACTS[1] AND PROCEDURAL HISTORY**

¶2          Jennifer Wright (Mother) and Father are the parents of one minor daughter (Child), age 6.  Mother and Father were divorced in September 2011.  In the dissolution decree, the court awarded Mother and Father joint legal custody of Child, with decision-making authority shared equally between the parties.  The court also awarded equal parenting time.

¶3          Four months later, Mother filed a post decree petition requesting the appointment of a parenting coordinator, an order that the parties attend mediation to resolve disputed issues in their parenting plan, and an amendment to the parenting plan to include a "right of first refusal" provision.  The court denied Mother's request to amend the parenting plan and order mediation, but granted her request for the appointment of a parenting coordinator.  Thereafter, the court appointed Dr. Daniel Christiano as the parenting coordinator.  Dr. Christiano filed a report recommending, among other things, that Child be enrolled in kindergarten at Gateway Elementary School (Gateway) because it is equally accessible to both parents, offers each parent an equal opportunity to participate in Child's education, and Child has a sibling that attends the school.  Mother objected to the parenting coordinator's recommendations and report, and the court set an evidentiary hearing.

¶4          At the evidentiary hearing, Mother testified that Dr. Christiano did not discuss Child's school placement with her prior to filing his recommendations.  Mother further testified that she wanted Child to

---

[1]          We view the facts in the light most favorable to upholding the trial court's ruling.  *See In re Marriage of Yuro*, 192 Ariz. 568, 570, ¶ 3, 968 P.2d 1053, 1055 (App. 1998).

attend school at Augusta Ranch Elementary School (Augusta Ranch) because Child already attends preschool at that school and is doing well there; Mother is employed at the school; the school is in close proximity to both parents; Child knows the teachers, schedule, and curriculum of the school; and Child has friends attending the school. Father testified that he would rather have Child attend Gateway because neither parent is employed there; he does not want Child to attend a school that Mother works at; Child's step-brother attends Gateway; Child will have friends from her church attending Gateway; and Gateway is located closer to his residence. At the conclusion of the hearing, the court found that:

> parents are advocating for a school purely for their own reasons. Father wants the school in his neighborhood that's most convenient for him and fits best for his family. Mother wants the school where she teaches that's most convenient for her. . . . But having – not having much else to go on, it does seem to the Court that given that the issue in this case is control and it's all about control by both parties, that . . . having a child attend the school where one of the parents works may exacerbate that.
>
>    . . . . There's no information that suggests that one school is better than the other. The school that Father asks for is not inconvenient for either party; it's, therefore, ordered the child will attend Gateway School in the fall.

¶5            Five days after the evidentiary hearing, the court filed a minute entry order noting that "[n]either party cited the controlling case on [the issue of child's school placement], *Jordan v. Rea*, 221 Ariz. 581, 212 P.3d 919 (App. 2009). The court further acknowledged that "in making its ruling, [it] did not directly consider all the factors that *Jordan v. Rea* says are relevant to the determination of the child's best interest in the context of a school placement decision. Thus, on the court's own motion pursuant to Arizona Rules of Family Law Procedure 83(A)(5), (B) and (E), the court reopened the judgement entered April 17, 2014, and set an evidentiary hearing on the sole issue of school placement. The court further granted Mother and Father the right to "present additional testimony and other evidence at the hearing to supplement (without repeating) the evidence presented" at the prior hearing.

¶6            Both Mother and Father again testified at the second evidentiary hearing. After considering the wishes of Mother, Father, and Child as to school placement, the court concluded that it "underweighted

the fact that the child is already at one of these schools and appears to be comfortable there and has made friends." Because Child appeared to be well-adjusted and happy at her current school, the court ordered Child to be enrolled at Augusta Ranch.

¶7　　　　Father timely appealed. This court has jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21 (2003) and -2101(B) (Supp. 2014).

## DISCUSSION

¶8　　　　Father first argues that the court abused its discretion by reopening the judgment and ordering a second evidentiary hearing on the issue of Child's school placement. Trial courts have broad discretion when deciding whether to reopen a judgment. *See McCutchen v. Hill,* 147 Ariz. 401, 406-07, 710 P.2d 1056, 1061-62 (1985) (holding that Rule 59(b) of the Arizona Rules of Civil Procedure, on which Family Court Rule 83(B) is based, allows courts broad discretion to act in the interests of justice to reopen a judgment and consider additional evidence). The court's decision whether to grant a new trial will be upheld on appeal "unless there is a clear showing that there was no reasonable basis within the range of discretion for the action taken." *Id.* at 407, 710 P.2d at 1062 (citation omitted).

¶9　　　　Family Court Rule 83(E) provides that "[n]ot later than fifteen (15) days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party." The court may amend, alter or vacate a decision or judgment if any of the following causes materially affected the rights of a party:

> 1. irregularity in the proceedings of the court or a party, or abuse of discretion, whereby the moving party was deprived of a fair trial;
>
> 2. misconduct of a party;
>
> 3. accident or surprise which could not have been prevented by ordinary prudence;
>
> 4. material evidence, newly discovered, which with reasonable diligence could not have been discovered and produced at the trial;

4

5. error in the admission or rejection of evidence or other errors of law occurring at the trial or during the progress of the action;

6. that the ruling, decision, findings of fact, or judgment is not justified by the evidence or is contrary to law.

Ariz. R. Fam. Law P. 83(A).

¶10 Here, the court found that it erred in its judgment "by not consciously and directly considering the applicable law." Because the court "did not directly consider all the factors that *Jordan v. Rea* says are relevant to the determination of the child's best interest in the context of a school placement decision," the court ordered a new evidentiary hearing on the school placement issue. *See Jordan*, 221 Ariz. at 590, ¶ 23, 212 P.3d at 928 (identifying the relevant factors, including those set forth in A.R.S. 25-403.02(B) (2007), that the court should consider in resolving school placement disputes). Father argues that the parties provided testimony and evidence pertaining to all of the factors listed in *Jordan*. However, even assuming that to be true, we find no evidence in the record that the court directly considered all of the applicable factors – specifically, Child's adjustment to any current placement. *Id.* Accordingly, the court acted well within its discretion when it determined a new evidentiary hearing was necessary to correct the error of law.[2] *See* Ariz. R. Fam. Law P. 83(A)(5).

¶11 Father next argues that the court erred in considering Child's current enrollment at preschool as a factor in Child's school placement. Issues regarding school placement are among the kinds of issues typically addressed in a parenting plan, but if parties cannot reach an agreement, the issues must be decided by the trial court. *Jordan*, 221 Ariz. at 588-89, ¶ 19, 212 P.3d at 926–27. We review the court's school placement order for an abuse of discretion, and will not disturb the court's ruling unless the court clearly has mistaken or ignored the evidence. *Owen v. Blackhawk*, 206 Ariz.

---

[2] We also reject Father's argument that the court erred in not allowing the parties to be heard on the issue of re-opening the judgment. Rule 83(E) authorizes the court to grant a new trial not later than fifteen days after entry of judgment for any reason it might have granted a new trial on a motion of a party. Ariz. R. Fam. Law P. 83(E). Notice to the parties and an opportunity to be heard on the matter are required if the court granted a new trial "for a reason not stated in the motion." *Id.* Because the court ordered a new trial on its own motion pursuant to Rule 83(A)(5), a hearing on the motion was not required.

418, ¶ 7, 79 P.3d 667, 669 (App. 2003); *Armer v. Armer*, 105 Ariz. 284, 289, 463 P.2d 818, 823 (1970).

¶12        Section 25–403(A) requires the court to determine custody "in accordance with the best interests of the child" and provides that the court "shall consider all factors that are relevant," including those enumerated in that section.  In *Jordan*, this court adopted the factors set forth in A.R.S. § 25–403(A) for determining best interest in the context of school placement disputes, and we identified the following four factors trial courts should consider in resolving such disputes:

> 1) the wishes of the child's parent or parents as to [school placement]
>
> 2) the wishes of the child as to [school placement]
>
> 3) the interaction and interrelationship of the child with [persons at the school] who may significantly affect the child's best interests, and
>
> 4) the child's adjustment to [any present school placement].

221 Ariz. at 590, ¶ 23, 212 P.3d at 928.  The list, however, is not exclusive, and the court is required to consider "all relevant factors for guidance." *Id*. In *Jordan*, we noted that family courts in other jurisdictions consider additional factors, including the following: (1) the child's educational needs; (2) the qualifications of the teachers at each school; (3) the curriculum used and method of teaching at each school; (4) the child's performance in each school; (5) whether the proposed or current school situation complies with state law; (6) whether one school is more suitable given the child's medical condition or other special needs; (7) whether one school would allow the child to maintain ties to a nonresidential parent's religious beliefs; (8) whether requiring the child to leave the child's current school would aggravate the difficulties of the divorce; and (9) whether continuing in a particular school would be essential or beneficial to the child's welfare. *Id*. at ¶ 24.

¶13        We reject Father's contention that the court was precluded from considering Child's current preschool placement as a factor in resolving the school placement dispute.  The court specifically found that Child "appear[ed] to be well-adjusted to [Augusta Ranch]," she is "comfortable there and has made friends. . . she has her mom there," and "she's happy."  Accordingly, the court necessarily found that continuing Child in kindergarten at Augusta Ranch was "beneficial to the child's

welfare."[3] *See id*. In *Jordan*, we noted that the additional nine factors, together with the four factors set forth in A.R.S. § 25–403(A), can all be considered in determining the best interest of the child. *Id*. And, it is for the court to determine within the exercise of its discretion which of the thirteen factors are applicable to and dispositive of the school placement issue. *See Porter v. Porter*, 21 Ariz. App. 300, 302, 518 P.2d 1017, 1019 (1974) (in deciding child custody issues, "[t]he trial court is given broad discretion in determining what will be the most beneficial for the child[ ], . . . and it is in the best position to determine what is in the child[ ]'s interest"). We find no abuse of discretion in the court's ruling.

¶14    Lastly, Father argues that the evidence and testimony does not support the court's order that Child attend Augusta Ranch.[4] Father relies on the parenting coordinator's report recommending placement at Gateway, the court's comments pertaining to Mother's controlling nature, and the court's prior findings on the wishes of the parents. Father essentially asks this court to re-weigh the evidence presented at the hearing, which we will not do. *See Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4, 100 P.3d 943, 945 (App. 2004) (stating that the trial court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts"). The court plainly considered all relevant factors and appropriately determined that it was in Child's best interest to be enrolled in kindergarten at Augusta Ranch. The evidence in this record amply supports the court's ruling.

**CONCLUSION**

¶15    For the foregoing reasons, we affirm. Mother requests an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324 (Supp. 2014). In the exercise of our discretion, we award Mother her

---

[3]    Additionally, we note that any licensing or regulatory differences between preschools and public schools, as detailed by Father, are irrelevant to the court's consideration of Child's adjustment to a particular school.

[4]    We find no evidence in the record to support Father's claim that Child's attendance at Augusta Ranch would not allow an "equal opportunity for the parties to participate in Child's education," and Father fails to cite specific authority in the record in support of this allegation.

reasonable attorneys' fees and costs incurred on appeal, in an amount to be determined upon her compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama