284 P.2d 457

Helen SCHULZE, Appellant,

v.

John E. SCHULZE, Appellee.

No. 5974.

Supreme Court of Arizona.

May 24, 1955.

———◆———

Bagnall & Moring, Coolidge, for appellant.

Robert E. McGhee, Globe, for appellee.

PHELPS, Justice.

This is an appeal from an order modifying a decree of divorce dated September 10, 1952, relating to the custody of minor children. The facts are that the original decree of divorce between the parties hereto gave the full custody of the two minor children to the mother with the right to leave the jurisdiction of the court with the children, granting to the father, however, reasonable visitorial rights. This decree was later, on February 7, 1953, modified upon stipulation to give to the father the right to visit with his children at least four hours per week with the privilege of taking them out of the home of the mother during such visits, and the mother was enjoined in said modified decree from removing the children from the jurisdiction of the court.

Thereafter on April 21, 1954, the father again petitioned the court for further modification of the judgment and decree of divorce granting to him the right to have the children visit with him on weekends each month starting at 5 o'clock p. m. on the first Friday of the following month and on the first Friday of each month thereafter and ending the following Sunday at 5 o'clock p. m. It further sought the custody of said minor children by the father during the month of July of each year and petitioned for a reduction in the monthly allowance for the support of the two minor children.

Upon hearing held and evidence taken the court on May 24, 1954, granted both requests for a change in custody but provided that on the occasions when the children were permitted to spend the weekend with their father he was not accorded a four-hour visit with them during that week. The request for a reduction of allowance for the support of said children was denied by the court.

The mother, through her counsel, asserts that the modification of the judgment and decree of the court as above stated, is not justified by the evidence and is contrary to the law and that the order of May 24, 1954, modifying said judgment and decree relating to custody of the minor children constituted an abuse of discretion.

In a proceeding of this kind the burden is on the moving party to show a substantial change in the circumstances and conditions affecting the welfare of the children to justify a modification of the decree materially changing the custody of the children. The reasonableness of the decree previously entered must be presumed. The welfare of the children is the primary consideration of the court. Too often the bitterness of parents towards each other following the dissolution of the marriage relation blinds them to the physical and moral wellbeing of their children and as a result their happiness and lives may be distorted and even ruined if the court seeks to gratify the desires, whims and caprices of either parent, rather than look to the interests of the children. Therefore any change in the custody of minor children should be made only for the most cogent reasons and those reasons must be based on considerations affecting the future welfare of the child. Gotthelf v. Gotthelf, 38 Ariz. 369, 300 P. 186.

The modification sought in the instant case does not call for a full change of custody nor would the evidence at this time warrant such a change. The trial court in his dissertation from the bench at the close of the case found, however, that the mother through her attitude and conduct toward the father of her children, had poisoned their minds toward him until they are no longer friendly with him when he goes to visit them under permission of the judgment of the court.

We believe the testimony of both the father and the mother tends to support this conclusion. This fact is also corroborated by the testimony of the older daughter, Janice, who at the date of the trial was approximately eleven and a half years of age. She testified that her mother had told them that their father had stolen (something). The evidence does not disclose what he was supposed to have stolen. This statement of the mother to the children could only have the effect of implanting in their minds as a fact that their father was a thief. She further testified that her mother had told her on one occasion not to visit him or to be friendly with him. The judgment and decree of the court, as modified, forbad the mother to do or say anything to the children that would have that effect upon their minds.

The mother admitted that she had refused to let the children go out with their father because their grandmother had come with him to visit them. There is nothing in the record to indicate that the grandmother was not a proper person for their association. The recollection of the bestowal of love and affection by both paternal and maternal grandparents is a source of delightful memories to most of us. The denial of those privileges to a child may materially affect its entire life.

We said in Burk v. Burk, 68 Ariz. 305, 205 P.2d 583, 584, that:

"Section 27–811, A.C.A.1939, authorizes the court after a divorce is granted to amend, change, or alter any provision therein respecting the care, custody, or maintenance of the children of the parties as the circumstances of the parents and the welfare of the children may require.

"This court has often held that the trial judge is in the best position to determine what is best for the child, and, unless it appears very clearly that he has mistaken or ignored the evidence, or failed properly to evaluate it, we will not disturb his decision on that vital question. Gotthelf v. Gotthelf, 38 Ariz. 369, 300 P. 186."

We find no evidence whatever in the record of the exhibition of any bias or prejudice on the part of the trial judge as asserted by appellant. On the other hand, as above stated, we believe the evidence justifies the disposition made of the case.

Judgment affirmed.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, JJ., concur.