NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MACK M. MCCALL, III, *Petitioner/Appellant,*

*v.*

ASHLEY A. DRURY, *Respondent/Appellee.*

No. 1 CA-CV 15-0594 FC
FILED 6-2-2016

Appeal from the Superior Court in Maricopa County
No. FC2009-094886
The Honorable Timothy J. Ryan, Judge

**AFFIRMED**

COUNSEL

Law Offices of Kevin Jensen PLLC, Mesa
By Kevin Jensen
*Counsel for Petitioner/Appellant*

Ashley A. Drury, Phoenix
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

---

**N O R R I S**, Judge:

**¶1**        Petitioner/Appellant Mack McCall, III, appeals the family court's order allowing his minor child to attend a public school as requested by the child's mother, Respondent/Appellee Ashley Drury, rather than a private religious school McCall preferred.  On appeal, McCall argues, first, the family court failed to make specific findings as required by Arizona Revised Statutes ("A.R.S.") section 25-403 (Supp. 2015)[1] regarding the child's best interests; second, failed to find a continuing and substantial change of circumstances justifying a school modification; and, third, abused its discretion by "ignoring" evidence of the child's best interests.  We reject these arguments and therefore affirm the family court's order.

**¶2**        Contrary to McCall's first argument, A.R.S. § 25-403(B) does not require the family court to make specific findings regarding the best interests of the child in a dispute over school choice.  Only in "a contested legal decision-making or parenting time case" does A.R.S. § 25-403(B) require the family court to "make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child."  But this is not a contested legal decision-making or parenting time case.  Thus, the statute does not apply.

**¶3**        Relatedly and also contrary to McCall's second argument, the family court was not required to find a continuing and substantial change of circumstances justifying a school modification.  The one case McCall cites for this proposition, *Schultze v. Schultze*, 79 Ariz. 86, 284 P.2d 457 (1955), is inapplicable.  In *Schultze*, the court held that in a proceeding to modify a custody order contained in a divorce decree, the moving party must "show a substantial change in the circumstances and conditions affecting the

---

¹Although the Arizona Legislature amended certain statutes cited in this decision after the date of the dispute between the parties, the revisions are immaterial to our resolution of this appeal.  Thus, we cite the current versions of these statutes.

welfare of the children to justify a modification of the decree materially changing the custody of the children." *Id.* at 88, 284 P.2d at 458. The issue here concerns school choice, not child custody. Accordingly, the family court did not need to find a continuing and substantial change of circumstances before granting Drury's request.

**¶4**　　　　　Finally, contrary to McCall's third argument, the family court did not abuse its discretion in "ignoring" evidence of the child's best interests in granting Drury's request. *See Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11, 304 P.3d 1093, 1096 (App. 2013). When parents cannot agree on school placement, the family court must make the determination based on the best interests of the child. *See* A.R.S. § 25-403.02(D) (Supp. 2015); *Jordan v. Rea*, 221 Ariz. 581, 588-89, ¶¶ 19, 22-24, 212 P.3d 919, 926-27 (App. 2009). We will uphold the family court's ruling "[u]nless it clearly appears that the trial judge has mistaken or ignored the evidence." *Armer v. Armer*, 105 Ariz. 284, 289, 463 P.2d 818, 823 (1970). Moreover, we "may infer from any judgment the findings necessary to sustain it." *Thomas v. Thomas*, 142 Ariz. 386, 390, 690 P.2d 105, 109 (App. 1984) (quoting *Wippman v. Rowe*, 24 Ariz. App. 522, 525, 540 P.2d 141, 144 (1975)).

**¶5**　　　　　In *Jordan*, we modified the factors the Legislature set forth in A.R.S. § 25-403(A) when determining best interests as to legal decision-making and parenting time in general to reflect four factors relevant to school placement:

> (1) the wishes of the child's parent or parents as to school placement
>
> (2) the wishes of the child as to school placement
>
> (3) the interaction and interrelationship of the child with persons at the school who may significantly affect the child's best interests, and
>
> (4) the child's adjustment to any present school placement.

*Jordan*, 221 Ariz. at 590, ¶ 23, 212 P.3d at 928.[2]

**¶6**      Additionally, we concluded courts should also consider, "when applicable and as the circumstances warrant," nine additional factors:

> (1) the child's educational needs;
>
> (2) the qualifications of the teachers at each school;
>
> (3) the curriculum used and method of teaching at each school;
>
> (4) the child's performance in each school;
>
> (5) whether the proposed or current school situation complies with state law;
>
> (6) whether one school is more suitable given the child's medical condition or other special needs;
>
> (7) whether one school would allow the child to maintain ties to a nonresidential parent's religious beliefs;
>
> (8) whether requiring the child to leave the child's current school would aggravate the difficulties of the divorce; and
>
> (9) whether continuing in a particular school would be essential or beneficial to the child's welfare.

---

[2]As we noted in *Baker v. Meyer*, 237 Ariz. 112, 115 n.5, ¶ 8, 346 P.3d 998, 1001 n.5 (App. 2015), the Legislature amended A.R.S. § 25-403(A) in 2012 after *Jordan* was decided.  The 2012 amendments to § 25-403(A) eliminated two factors in the prior version of A.R.S. § 25-403(A) that *Jordan* modified as to school placement, specifically, the wishes of the parent and of the child.  *See* 2012 Ariz. Sess. Laws, ch. 309, § 5.  We express no opinion as to the effect of these amendments on the *Jordan* analysis as to school placement.

*Id*. at 590, ¶ 24, 212 P.3d at 928.

¶7        Here, the record shows the family court heard evidence and questioned the parents regarding their school choices, tuition cost, the locations of the schools relative to their respective homes and places of employment, religion preferences, diversity between the schools, the size of the schools, and relatives attending the two schools. At the hearing, Drury objected to the child attending the private school because of cost and asserted the funds could potentially be set aside for college savings. Drury also objected to the private school because of its lack of diversity compared to the public school and because her older daughter attended the public school. McCall testified he preferred the private school for spiritual reasons, it was centrally located for both parents, and his 17 nephews attended the school. He also testified the private school was, in fact, diverse. Further, he testified that, instead of splitting the cost of the private school with Drury, he would pay the tuition himself.

¶8        After the hearing, the family court requested supplemental child support worksheets and positions on private school tuition so it could determine any resulting effect on child support.[3] Both parties submitted supplemental child support worksheets. The worksheets from both McCall and Drury demonstrated that if McCall paid the private school tuition and included the cost in the child support calculation, Drury would have to pay McCall child support, rather than the other way around.

¶9        Although the family court did not make any explicit findings that the public school was in the child's best interests, we may "infer from any judgment the findings necessary to sustain it if such additional findings

---

[3]At the time of trial, McCall was paying Drury $102.17 per month in child support. Section 9(B)(2) of the Arizona Child Support Guidelines provides that in determining child support, the court may include "[a]ny reasonable and necessary expenses for attending private or special schools or necessary expenses to meet particular educational needs of a child, when such expenses are incurred by agreement of both parents or ordered by the court." A.R.S. § 25-320 app. § 9(B)(2) (Supp. 2015). The family court "may find a private religious school is in the best interests of the children and order such a school placement without an agreement between the parties. The family court then has the ability . . . to order the objecting parent to pay the costs of tuition if the court determines that the tuition costs are 'reasonable and necessary.'" *Jordan v. Rea*, 221 Ariz. 581, 591, ¶ 29, 212 P.3d 919, 929 (App. 2009) (citing § 9(B)(2)) (internal citations omitted).

do not conflict with express findings and are reasonably supported by the evidence." *See Thomas*, 142 Ariz. at 390, 690 P.2d at 109. Here, the evidence submitted by Drury reasonably supported the family court's decision that it was in the child's best interests to attend public school.

## CONCLUSION

**¶10** For the foregoing reasons, we affirm the family court's order allowing the child to attend public school. As the successful party, we award Drury her costs on appeal pursuant to A.R.S. § 12-341 (2016), contingent upon her compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA