NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In Re The Marriage Of

MINDY L. PERKINS,
*Petitioner/Appellant,*

*v.*

KYLE A. PERKINS,
*Respondent/Appellee.*

No. 1 CA-CV 18-0496 FC
FILED 3-21-2019

Appeal from the Superior Court in Maricopa County
No.  FC2013-096651
The Honorable Laura M. Reckart, Judge

**VACATED IN PART; REMANDED**

COUNSEL

Walston Law Group, PC, Mesa
By Jennifer L. Walston
*Counsel for Petitioner/Appellant*

Budge Law Firm, PLLC, Mesa
By Sven K. Budge
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jennifer M. Perkins joined.

---

J O H N S E N, Judge:

¶1   Mindy Perkins ("Mother") appeals the superior court's order issued on competing petitions she and Kyle Perkins ("Father") filed to modify legal decision-making and parenting time. For the reasons stated below, we vacate the order in part and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶2   Mother and Father have three children, born in 2007, 2009 and 2013. In 2014, the superior court entered a decree of dissolution and awarded Mother and Father joint legal decision-making authority and equal parenting time. Both parties thereafter remarried. Mother's current husband shares parenting time of his children from a prior marriage.

¶3   In August 2017, Father filed a petition to modify legal decision-making and parenting time in relation to the parties' youngest child (a daughter), along with a motion for temporary orders. Father alleged that Mother's stepson had sexually assaulted the child in Mother's house approximately seven months before. Father stated Gilbert police were investigating the incident and that, in the meantime, he and Mother had agreed to alternate parenting-time schedules so that their daughter would be kept apart from the stepbrother. Father asserted, however, that Mother had recently informed him that she planned to allow the two children to be together in the house at the same time.

¶4   In his petition to modify, Father asked the court for sole legal decision-making authority over the parties' youngest child and a modification in parenting time "consistent with a schedule that protects the parties['] minor child from contact with her stepbrother." In his motion for temporary orders, Father asked the court for temporary sole legal decision-making authority and temporary physical custody of the child pending a "full court hearing." The superior court granted Father's motion for temporary orders and awarded him sole legal decision-making authority and sole physical custody of the child until September 1, 2017. The court

also ordered that the child "shall not be in the presence" of her stepbrother "and shall not reside in the same home as her stepbrother while he is there."

¶5        The superior court held a return hearing on September 1. There, Mother and Father informed the court that they had agreed to keep the court's temporary no-contact order in place "pending trial on Father's petition." The court issued an order acknowledging that "[t]he parties have reached a temporary agreement to keep the current order separating the children in place (the parties' minor child and her stepbrother) and revert to the parenting time schedule that was in place prior to issuance of the emergency temporary orders." The court approved the agreement as binding under Arizona Rule of Family Law Procedure 69.[1]

¶6        Mother responded in opposition to Father's petition to modify legal decision-making and parenting time. She also filed a cross-petition asking the court, among other things, to (1) affirm joint legal decision-making authority over the child but grant Mother presumptive final decision-making authority; (2) modify the parenting schedule; and (3) modify the procedures governing how the parties make decisions regarding the children's health, education or "other important areas." In responding to Mother's petition, Father asked the court to make permanent the agreed-upon temporary orders keeping the daughter away from her stepbrother.

¶7        Mother and Father reached an agreement regarding some of the contested issues in their competing petitions but failed to resolve their disagreement about the no-contact provision of the temporary orders. On April 18, 2018, the superior court held an evidentiary hearing, at which Father, Mother and their respective new spouses testified about the alleged sexual assault.

¶8        In its May 2018 order on the competing petitions, the court characterized the dispute over the no-contact order as a request by Mother to modify "the parenting time orders currently in place . . . to allow contact between her stepson and [the parties' daughter]" pursuant to Arizona Revised Statutes ("A.R.S.") section 25-411 (2019) (modification of legal decision-making or parenting time). The court found that "there have not been material changes in the circumstances affecting the welfare of the Child/Children to justify . . . removal [of the no-contact order] at this time." The court therefore extended the no-contact order between the child and

---

[1]        Absent material revision after the relevant date, we cite the current version of a statute or rule.

her stepbrother until "such time as the parents agree or Mother can demonstrate the situation between the two children has materially changed and/or proper procedures are in place for reunification to occur." The court also denied Mother's request for sole legal decision-making regarding the children's education and medical decisions.

**¶9** Mother then filed a motion under Rule 83 asking the court to appoint a therapeutic interventionist or in the alternative to grant "a new Trial . . . on all or part of the issues determined." After the court denied Mother's motion, she timely appealed the order on the competing petitions. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2019) and -2101(A)(1) (2019).

## DISCUSSION

**¶10** In considering a petition to modify parenting time or legal decision-making authority, the superior court must determine whether there has been a material change in circumstances affecting the welfare of the child. *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 17 (App. 2015). The moving party has the burden to show a material change. *Schulze v. Schulze*, 79 Ariz. 86, 88 (1955). "If the court finds such a change in circumstances, it must then determine whether a change in custody would be in the child's best interests." *Christopher K. v. Markaa S.*, 233 Ariz. 297, 300, ¶ 15 (App. 2013); *see also* A.R.S. § 25-403(A) (2019) ("The court shall determine legal decision-making and parenting time, either originally or on petition for modification, in accordance with the best interests of the child."). We will not disturb the superior court's decision on a petition to modify absent an abuse of discretion. *Vincent*, 238 Ariz. at 155, ¶ 17. We view the evidence in the light most favorable to sustaining the court's findings and determine "whether evidence in the record reasonably supports" those findings. *Id.*

**¶11** Mother argues that in deciding to continue the temporary no-contact order, the superior court improperly shifted the burden to her to prove a material change in circumstances. We agree.

**¶12** Father's initial petition and motion for temporary orders asked the court to modify parenting time to keep the child away from her stepbrother. Although Mother and Father agreed to a temporary no-contact order pending a hearing on Father's petition, at the time of the hearing, Father had the burden to prove a material change in circumstances since entry of the dissolution decree to warrant the no-contact order. *See Vincent*, 238 Ariz. at 155, ¶ 17; *Schulze*, 79 Ariz. at 88. To be sure, Father's petition met his initial burden under A.R.S. § 25-411(L), to show adequate

cause for the court to hold a modification hearing. But that did not shift the burden to Mother to prove that a modification was not warranted. *See Smith v. Smith*, 133 Ariz. 384, 385 (App. 1982) ("a show cause hearing does not shift the burden of proof from petitioner to respondent, but only requires the respondent to oppose a prima facie case when it is first made out by the petitioner."). In ruling after the hearing on Father's petition, the court improperly shifted the burden of proof to Mother when it framed the issue as a request by her to modify "the parenting time [no-contact] orders currently in place" to allow contact between the child and her stepbrother.

¶13 Father argues that the court's approval on September 1, 2017, of the parties' agreement under Rule 69 for a temporary no-contact order "procedurally relieved" him of his burden as the moving party and placed the burden on Mother to show why the no-contact order should be modified. But the court's approval of the parties' agreement to the temporary orders under Rule 69 did not render the resulting order permanent. As the court stated in its September 1, 2017 order, it was entering the no-contact order pursuant to the parties' "temporary agreement."

¶14 A temporary order "[d]oes not prejudice the rights of the parties . . . that are to be adjudicated at the subsequent hearings in the proceeding." A.R.S. § 25-315(F)(1), (4) (2019); *see also* Ariz. R. Fam. Law P. 47(j) ("Temporary orders . . . terminate and are unenforceable . . . following entry of a final decree, judgment, or order, unless that final decree, judgment, or order provides otherwise."). Father's contention that the September 1 order became permanent when Mother did not appeal finds no support in the statutes, the rules or the case authorities.

¶15 In sum, the superior court abused its discretion by shifting the burden of proof to Mother to show a material change in circumstances justifying removal of the temporary no-contact order. Accordingly, we vacate the court's ruling declining to modify the no-contact order and remand for further proceedings on that issue as presented by the parties' cross-petitions. In other respects, the May 16, 2018 order remains in effect, as does the temporary no-contact order.

¶16 Finally, and because the issue may arise on remand, we note that Mother argues that whether to bar contact between the child and the stepbrother was a matter subject to A.R.S. § 25-411(J). She did not cite § 25-411(J) in the pretrial statement, however, and she cites no legal authority for the proposition that provision applies to a "no-contact" order like that at issue here. In ruling on remand on the parties' cross-petitions for

modification of legal decision-making and parenting time, if the court finds that Father has shown a material change in circumstances, it will be required to undertake the analysis and make the findings required by A.R.S. § 25-403.

**¶17** Mother also states in passing that the court's May 16, 2018 order did not make findings supporting its decision to deny her request to modify legal decision-making concerning education and medical decisions. Mother does not argue, however, that the court abused its discretion by concluding that she had failed to show a material change in circumstances justifying the modifications she sought. Accordingly, she has not shown the court abused its discretion as to those matters.

## CONCLUSION

**¶18** For the foregoing reasons, we vacate the superior court's May 16, 2018 order insofar as it addressed the no-contact provision and remand for further proceedings consistent with this decision. Mother is entitled to her costs on appeal. In the exercise of our discretion, after considering the relative finances of the parties and the positions they took on appeal, and due to the unreasonable position Father took with respect to the effect of the stipulated temporary no-contact order, we award Mother her reasonable attorney's fees on appeal, contingent upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA